986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carl Demetrius MITCHELL, Plaintiff-Appellant,
v.
Gary MAYNARD, Director of Department of Corrections; Thomas
Lovelace, Inspector General, Department of Corrections;
Delores Ramsey; James L. Saffle, Warden, State Prison,
McAlester, OK; James Sorrles, Classification Coordinator,
OSP; Ted Wallman, Warden, Mack Alford Correctional Center;
Michael Crabtree; Sam Key, Security Major at Mack Alford
Correctional Center; Michael Taylor; Louis Layton,
Correctional Officer; Karl Goodson, Correctional Officer;
J. Mike Pruitt, Unit Manager, Oklahoma State Penitentiary;
Billy Key, Law Library Supervisor, Oklahoma State
Penitentiary; George Dugan, Correctional Counselor,
Oklahoma State Penitentiary; Larry Watson, CO. 1 Oklahoma
State Penitentiary, Defendants-Appellees.
 No. 92-7066.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Carl Mitchell appeals the district court's order dismissing his civil rights action, 42 U.S.C. § 1983, as frivolous pursuant to 28 U.S.C. § 1915(d). Proceeding pro se and in forma pauperis, Plaintiff alleged that Defendants (1) denied him due process during a prison disciplinary proceeding; (2) instituted that disciplinary proceeding against him in retaliation for his litigation against one of the Defendants; and (3) violated his right to be free from cruel and unusual punishment due to prison conditions.[1] The issue presented on appeal is whether the district court abused its discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), in determining that Plaintiff's § 1983 claims lacked an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 2
 Plaintiff's first claim asserted that Defendants denied him due process during a disciplinary proceeding. Plaintiff alleged that, following a prison riot, Defendants filed an offense report charging Plaintiff with "taking correctional officers as hostages, breaking up property, and/or the burning of state property." I R. doc. 3 at 3. According to the report, the charge was based on Defendant Goodson's statement; however, Goodson's statement did not implicate Plaintiff in the charges. After reviewing a copy of the offense report and Goodson's statement, Plaintiff waived his rights to present witnesses and to have staff representation at the disciplinary hearing. Thereafter, the investigating officer, Defendant Taylor, contrary to Oklahoma Department of Corrections' procedures, added another staff witness, Defendant Layton, to the report. Layton testified at the disciplinary hearing that he had seen Plaintiff throwing rocks at firemen and guards. The disciplinary hearing chairperson, Defendant Crabtree, convicted Plaintiff. However, Crabtree failed to provide Plaintiff with a sufficient summary of the evidence upon which the decision was based; increased Plaintiff's security level based upon the offense report, but prior to Plaintiff's disciplinary conviction; and chaired the disciplinary committee, despite his personal involvement in the prison riot, in violation of Oklahoma Department of Corrections' policy. Because of this disciplinary conviction, Plaintiff lost earned good time credits[2] and was subjected to thirty days' disciplinary segregation.[3]
 
 
 3
 Plaintiff's allegations provide an arguable legal and factual basis for the asserted due process violation. While "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a Defendant in such proceedings does not apply," Wolff v. McDonnell, 418 U.S. 539, 556 (1974), an inmate's liberty interest in earned good time credits cannot be denied " 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.' " Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir.1991) (quoting Ponte v. Real, 471 U.S. 491, 495 (1985)). See also Wallace v. Cody, 951 F.2d 1170, 1172 n. 1 (10th Cir.1991) (Oklahoma prisoners have liberty interest in earned credits). Plaintiff's allegation that because Taylor added Layton as a witness after Plaintiff had waived his rights to present evidence and to be represented he was unable to prepare and present fully his defense states a due process claim that Defendants deprived him of adequate notice of the disciplinary charge and a meaningful opportunity to prepare his defense. Taylor, 931 F.2d at 700-01. Moreover, Plaintiff's allegation that Crabtree failed to provide him with a sufficient summary of the evidence upon which the disciplinary conviction was based is sufficient in light of our recognition that due process, in the context of a prison disciplinary proceeding, requires a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Id. Finally, Plaintiff has a due process right to have the disciplinary hearing conducted by an impartial decisionmaker, Wolff, 418 U.S. at 570-71; Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990), and Plaintiff's allegation that Crabtree's involvement in the prison riot raises a question about his impartiality sufficient to survive a § 1915(d) dismissal.[4]
 
 
 4
 Plaintiff next asserts that Defendants instituted the disciplinary proceeding against him in retaliation for his successful litigation against one of the defendants. See Smith, 899 F.2d at 947 ("existence of an improper motive for disciplining a prisoner" may give rise to § 1983 cause of action separate and in addition to claims asserting the denial of due process during those disciplinary proceedings). "Even where [disciplinary] proceedings are not otherwise constitutionally deficient, they may be invalidated by evidence that they were retaliatory in nature." Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir.1988). See also Smith, 899 F.2d at 947 ("Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right to access to the courts."). Plaintiff's factual allegations of retaliation, when combined with his allegations challenging the propriety of the disciplinary proceedings, are sufficient to state an arguable legal and factual claim. See Frazier v. Dubois, 922 F.2d 560, 562 (10th Cir.1990) ("Because [plaintiff] may be able to prove that his transfer was a result of improper retaliation by prison officials to punish plaintiff for constitutionally protected activity," dismissal as frivolous under § 1915(d) was improper). See also Shabazz v. Askins, No. 92-6209, slip op. at 2-5 (10th Cir. Nov. 25, 1992). Cf. Smith, 899 F.2d at 947-49 (discussing evidentiary showing on claim of retaliation sufficient to survive summary judgment).
 
 
 5
 Plaintiff's third claim raised an Eighth Amendment challenge to the prison conditions to which Defendants subjected him following the prison riot. In order to establish an Eighth Amendment violation, a plaintiff must assert that prison officials acted with deliberate indifference to plaintiff's needs. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). Deliberate indifference may be based on prison conditions which "cause [an inmate's] degeneration or threaten his mental and physical well being." Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). Thus, "a state must provide within such living space reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing)...." Id. See also Battle v. Anderson, 564 F.2d 388, 395 (10th Cir.1977) ("It is incumbent on the incarcerating body to provide the individual with a healthy habitative environment."). Plaintiff alleged that, following the prison riot, prison officials transferred him to G Unit at the Oklahoma State Penitentiary, where he was placed naked in a cell, without a mattress, blanket, sheets, or pillow and without adequate lighting, ventilation, or heat. Plaintiff asserts that, after three days, he suffered convulsions as a result of these conditions. He also contends that Defendants subjected him to toilet paper rationing and cold showers, in addition to inadequate lighting, ventilation, or heat for the next five months. Plaintiff's allegations are sufficient to preclude a § 1915(d) dismissal.
 
 
 6
 Finally, Plaintiff alleged that two unidentified guards dragged him, bound and shackled, over two hundred yards of gravel, resulting in lacerations to his ankles and wrists. In order to be liable under § 1983, a Defendant must have personally participated in the alleged constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir.1988). Plaintiff has failed to assert any personal involvement in this incident on the part of any of the named Defendants. On remand, the district court should either give Plaintiff an opportunity to amend his complaint to name as Defendants the parties responsible for this alleged incident or dismiss this claim without prejudice. See Denton, 112 S.Ct. at 1734; see also Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir.1990).
 
 
 7
 The district court's order dismissing Plaintiff's claims as frivolous under 28 U.S.C. § 1915(d) is REVERSED, and the case is REMANDED to the district court for proceedings consistent with this order and judgment.
 
 
 
 *
 The Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In addition to these claims, Plaintiff filed a supplemental pleading, see Fed.R.Civ.P. 15(d), asserting additional § 1983 claims. Plaintiff's supplemental pleading alleged that Defendants (1) subjected him to another disciplinary proceeding in retaliation for his filing the original complaint in this action; (2) deprived him of due process during this second disciplinary proceeding; (3) denied him a job in the prison law library; and (4) instituted policies restricting inmate access to the law library. Plaintiff, now with the benefit of counsel, does not appeal the district court's dismissal of these claims
 
 
 [2]
 We do not construe Plaintiff's claim as one seeking the restoration of good time credits. To the extent that he is seeking such relief, the appropriate remedy is pursuit of a petition for habeas corpus relief, 28 U.S.C. § 2254, which requires the exhaustion of state remedies. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Regardless of whether Plaintiff has exhausted his state remedies concerning the restoration of these good time credits, however, he may still pursue a § 1983 action in federal court for damages and declaratory relief. See id. at 554-55
 
 
 [3]
 Plaintiff was also assessed $4,250 in restitution; however, the restitution award was later expunged from Plaintiff's record
 
 
 [4]
 The Martinez report recognized that Plaintiff was convicted of a disciplinary offense resulting from the prison riot; however, the report stated that Defendants did not present any false testimony against Plaintiff and conclusorily asserted that the disciplinary proceeding was consistent with due process. While a district court may consider a Martinez report in making a frivolousness determination under § 1915(d), the court may not use the report to resolve disputed issues of fact. Shabazz v. Askins, No. 92-6209, slip op. at 4-5 (10th Cir. Nov. 25, 1992); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991)