**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CARL DEMETRIUS MITCHELL,

Plaintiff-Appellant,

v.

GARY D. MAYNARD, Director of
Department of Corrections; TOM
LOVELACE; DELORES RAMSEY;
JAMES S. SAFFLE, Warden, State
Prison, McAlester, OK; JAMES
SORRLES; TED WALLMAN,
Warden, Mack Alford Correctional
Center; MICHAEL CRABTREE,
aka, Michale Crabtree; SAM KEY,
Security Major at Mack Alford
Correctional Center; MICHAEL
TAYLOR; LOUIS LAYTON,
Correctional Officer; KARL
GOODSON, Correctional Officer;
J. MIKE PRUITT, Unit Manager,
Oklahoma State Penitentiary; BILLY
KEY, Law Library Supervisor,
Oklahoma State Penitentiary;
GEORGE DUGAN, Correctional
Counselor, Oklahoma State
Penitentiary; LARRY WATSON,
CO I, Oklahoma State Penitentiary,

Defendants-Appellees.

No. 97-7009
(D.C. No. 89-CV-465-BU)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **BROWN**,[**] Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff filed a civil rights action against fourteen state prison officials and employees pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The district court dismissed the claims as frivolous under 28 U.S.C. § 1915(d). Plaintiff appealed to this court, and we reversed and remanded the case to the district court. Mitchell v. Maynard, No. 92-7066, 1992 WL 401593, at **3 (10th Cir. Dec. 23, 1992) (unpublished). A jury trial was held, and at the close of the evidence the district court granted defendants' motion for judgment as a matter of law and dismissed plaintiff's claims. Plaintiff again appealed to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

this court.  We reversed the district court's judgment as to plaintiff's Eighth Amendment condition of confinement claims and remanded for a new trial on those claims, directing that a different district court judge be assigned to preside over the proceedings.  Mitchell v. Maynard, 80 F.3d 1433, 1450 (10th Cir. 1996).  We affirmed as to all other claims.  Id.  On remand, a jury returned a unanimous verdict in favor of the remaining two defendants.[1]

Plaintiff again appeals to this court, arguing that the district court erred in three respects:  (1) refusing to allow plaintiff's expert to testify; (2) failing to grant plaintiff judgment as a matter of law; and (3) admitting evidence of plaintiff's prior bad acts.  We affirm.

A pretrial order was filed in this case on October 3, 1996, and included in plaintiff's list of witnesses was an expert witness "(to be named)."  Appellee's Supplemental App. Ex. F, at Plaintiff's Witness List #14.  The pretrial order designated a discovery cut-off date of December 1, 1996.  On November 14, 1996, plaintiff's counsel employed an expert and "notified Defendant[s'] counsel of his identity and offered full cooperation in the taking of his deposition."  Appellant's Br. at 9.  Defendants filed a motion to strike plaintiff's expert witness on November 20, 1996, and on November 26, 1996, defendants deposed plaintiff's expert.  Defendants did not move for a continuance to locate their own

---

[1]	Twelve of the defendants were dismissed before trial.

expert, nor do they represent on appeal that they intended to call any additional witnesses, expert or otherwise, to counter plaintiff's expert's testimony.[2] When the parties arrived for trial on December 10, 1996, the court informed counsel for both sides that it had issued a minute order granting defendants' motion to strike plaintiff's expert witness.[3] The district court based its order on the fact that plaintiff neglected to formally amend his witness list attached to the pretrial order to reflect the identity of the previously "to be announced" expert. The court found that

> Plaintiff's delinquent identification of an unidentified expert witness in the Pretrial Order and subsequent identification of said expert some 45 days later and less than 30 days prior to trial is prejudicial to Defendants since such action does not permit Defendants sufficient time to evaluate the expert's testi[m]ony and procure an expert witness of their own to counter the Plaintiff's expert witness's opinions and testimony.

Appellee's Supplemental App. Ex. H.

We review the district court's exclusion of plaintiff's expert witness for an abuse of discretion. See Polys v. Trans-Colorado Airlines, Inc., 941 F.2d

---

[2]    Plaintiff's counsel represents that, in fact, defendants' counsel had notified plaintiff's counsel that they intended to use Warden Saffle as their expert. See Appellant's Br. at 9. Plaintiff also notes that defendants' counsel referred to Saffle at trial as her "expert." Id. at n.10.

[3]    Plaintiff represents in his brief that "[b]ased upon informal conversations with Defendants' counsel, all counsel thought that Defendants' motion to strike was essentially rendered moot by the fact that Defendants had been able to take the deposition of Plaintiff's expert two weeks prior to trial." Appellant's Br. at 10. Defendants do not dispute this representation.

1404, 1407 (10th Cir. 1991). Factors that we consider in making this determination include:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980) (quotation omitted). We recognize, as did the district court in its order, that a properly drawn pretrial order "'supercede[s] the pleadings and govern[s] the trial of the case unless departure therefrom is permitted by the Court in the interest of justice.'" Appellee's Supplemental App. Ex. H (quoting EDOK Former LR 17(c)). It is also true, however, that "the pretrial order is a procedural tool to facilitate the trial of a lawsuit on its merits and not to defeat it on a technicality." Trujillo v. Uniroyal Corp., 608 F.2d 815, 818 (10th Cir. 1979) (quotation omitted).

Applying the facts of this case to the factors set forth in Smith, we are left with the impression that the district court abused its discretion in excluding plaintiff's expert. Defendants were able to depose the expert two weeks before trial, so there is no prejudice or surprise in fact as to the expert's testimony. If defendants needed to locate an additional witness to counter the expert's testimony (which, we gather from the facts surrounding the trial and the tenor

of both parties' briefs on appeal, they did not), they could have moved for a continuance. It appears that both parties expected the expert to testify, thus there would have been no disruption of the trial. Finally, there is no evidence of bad faith or willfulness by plaintiff in failing to amend the pretrial order. In fact the opposite appears true; the expert was identified before the discovery cutoff, and plaintiff immediately notified defendants of the expert's identity and offered full cooperation in facilitating a deposition. It is true that plaintiff neglected to formally amend the pretrial order, which would have been the preferred course, but the purpose of doing so was, in fact, fulfilled, and plaintiff's expert should not have been excluded on a technicality.

Our inquiry, however, does not end here. "Even if the trial judge abused his or her discretion in making a decision to exclude evidence, we will overlook the error as harmless unless a party's substantial right was affected." Polys, 941 F.2d at 1407. "After finding abuse of discretion, appellate courts have nonetheless refused to reverse trial courts' decisions to exclude deposition testimony as harmless error if it would not have added anything to the evidence presented." Id. at n.3. Plaintiff's counsel proffered the following expert testimony to the district court: in the expert's opinion and based upon his review of the previous trial testimony and the documents and pleadings in the case, the conditions of plaintiff's confinement, specifically the continued deprivation of

basic living necessities, constituted cruel and unusual punishment in violation of the Eighth Amendment. The district court responded that it did not consider an opinion as to whether plaintiff's constitutional rights had been violated to be admissible as expert testimony. The court stated that such a conclusion was for the jury to make and "an expert's testimony would not aid the jury in that respect." Appellant's App., Ex. A at 309. Given the proffer of plaintiff's counsel regarding the nature of the excluded testimony, we cannot say that we disagree with the district court's assessment regarding admissibility. On the record before us,[4] we hold that the district court's abuse of discretion in excluding the testimony was harmless error.

Plaintiff next argues that he was entitled to judgment as a matter of law.

> We review de novo the district court's determination of a motion for judgment as a matter of law, applying the same standard as the district court. Under this standard, judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury. However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law.

Mason v. Oklahoma Turnpike Auth., 115 F.3d 1442, 1450 (10th Cir. 1997) (citations and quotations omitted) (alterations in original). We also construe evidence and inferences therefrom in favor of defendant, the nonmoving party.

---

[4]     The record on appeal contains only partial excerpts of the trial transcript.

-7-

See Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1522 (10th Cir. 1997). The record before us, though incomplete, contains evidence that supports the jury's determination that defendants did not exhibit deliberate indifference in violation of plaintiff's constitutional rights. The district court did not err in refusing to grant plaintiff judgment as a matter of law.

Finally, plaintiff complains that the district court erred in admitting evidence of prior bad acts. Documentation of the acts which plaintiff claims should not have been admitted into evidence was contained in plaintiff's prison file. When defendants offered the file into evidence, plaintiff's counsel stated that there was no objection. We review the admission of evidence to which no objection is made for plain error. See United States v. Wilson, 107 F.3d 774, 782 (10th Cir. 1997). "Plain error is that which is obvious, or which seriously affects the fairness or integrity of the trial." United States v. Enjady, 134 F.3d 1427, 1435 (10th Cir. 1998), petition for cert. filed, (U.S. June 22, 1998) (No. 985121). Defendants represented to the court that they considered the contents of plaintiff's file in determining how long plaintiff was kept in the G-Unit. The court found that the records were relevant for that purpose. We cannot say that the admission of plaintiff's file was plain error.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge