**Albert E. TAYLOR, Plaintiff–Appellant,**

v.

**James WALLACE, David Miller, Dolores Ramsey, Defendants–Appellees.**

**No. 90–7000.**

United States Court of Appeals, Tenth Circuit.

April 30, 1991.

Albert E. Taylor, pro se.

Robert H. Henry, Atty. Gen. of Okl., Carolyn E. Koger, Asst. Gen. Counsel, Okl. Dept. of Corrections, Oklahoma City, Okl., for defendants-appellees.

Before ANDERSON and TACHA, Circuit Judges, and KANE,* District Judge.

ANDERSON, Circuit Judge.

█ Albert E. Taylor appeals from an order of the district court dismissing his complaint, filed pursuant to 42 U.S.C. § 1983,[1] as frivolous under 28 U.S.C.

---

* Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. While Mr. Taylor commenced this action pursuant to section 1983, he seeks the restoration of his good time credits, an action properly pursued via a petition for a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 487–90, 93 S.Ct. 1827, 1835–37, 36 L.Ed.2d 439 (1973). Exhaustion of state remedies is required before a

§ 1915(d).[2]

In his complaint, Mr. Taylor alleged that he was denied due process in the course of his prison disciplinary proceedings, which resulted in a loss of good time credits.

The district court ordered the submission of a special report. *See Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978). Based on that report, the court held that defendants had acted in accordance with prison policy and procedures and, therefore, Mr. Taylor had received all the process due him.[3]

On appeal, Mr. Taylor contends: (1) the district court erred because it failed to address defendants' motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6); (2) the district court erred in finding defendants had properly determined the confidential statements were reliable; and (3) the failure of defendants to give him a written statement as to the evidence relied on, denied him due process protections as set forth in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

On appeal from a section 1915(d) dismissal, we must determine whether a plaintiff has claimed an infringement "of a legal interest which clearly does not exist." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). We will adjudge the complaint properly dismissed as frivolous, if after looking at both the factual allegations and legal conclusions, it appears that the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325, 109 S.Ct. at 1831.

"[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Id.* at 327, 109 S.Ct. at 1833.

As a threshold matter, we reject Mr. Taylor's argument that defendants' pending Rule 12(b)(6) motion somehow precluded a ruling under section 1915(d) or preserved the cause of action. The dismissal of a complaint pursuant to section 1915(d) is a determination made prior to invoking the adversarial protections of Rule 12(b)(6). *Cf. id.* at 329–30, 109 S.Ct. at 1834. Once the court dismissed Mr. Taylor's action under section 1915(d), no further action regarding defendants' Rule 12(b)(6) motion was required. *See, e.g., McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991) ("Dismissals under section 1915(d) are governed by a legal standard distinct from dismissals pursuant to Fed.R.Civ.P. 12(b)(6).").

We evaluate the merits of Mr. Taylor's claims under the settled principle that an inmate's liberty interest in his earned good time credits cannot be denied "without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). However, " '[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.' " *Id.* (quoting *Wolff,* 418 U.S. at 556, 94 S.Ct. at 2975). "[T]he inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety

---

federal habeas action may be instituted. The record here shows that Mr. Taylor has exhausted his state remedies, therefore, liberally construing the complaint, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we may decide this case on the merits. *See Smith v. Maschner,* 899 F.2d 940, 951 (10th Cir.1990); *see, e.g., Brown v. Smith,* 828 F.2d 1493, 1494 (10th Cir.1987).

**2.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.

App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**3.** The special *Martinez* report may be used in a section 1915(d) evaluation "as a means of determining jurisdiction, sorting and clarifying issues and otherwise elucidating the often obscure complaints filed by pro se plaintiffs." *See ElAmin v. Pearce,* 750 F.2d 829, 832 (10th Cir. 1984) (footnote omitted); *see also Nordgren v. Hayward,* 638 F.2d 224, 226 (10th Cir.1981) (section 1915(d) determination may be made on the basis of the administrative report).

and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985) (citing *Wolff,* 418 U.S. at 563–67, 94 S.Ct. at 2978–80).

Mr. Taylor argues that the second requirement in *Wolff* was not met because the disciplinary committee did not strictly comply with procedures relating to the use of confidential informant testimony. While *Wolff* does not require the confrontation and cross-examination of witnesses in prison disciplinary proceedings, see *Wolff,* 418 U.S. at 567–69, 94 S.Ct. at 2980–81, we have held that the testimony of confidential informants cannot be given any weight absent a "determination made by the prison staff that indicated that the informant was reliable." *Brown,* 828 F.2d at 1495.

"Due process requires that there be some evidence supporting the disciplinary determination. . . . A bald assertion by an unidentified person, without more, cannot constitute some evidence of guilt." *Freitas v. Auger,* 837 F.2d 806, 810 (8th Cir. 1988) (citing *Hill,* 472 U.S. at 454–56, 105 S.Ct. at 2773–74) (footnote omitted). *See Sanchez v. Miller,* 792 F.2d 694, 701 (7th Cir.1986) (indicia of reliability required to "provide additional protection when other rights of the accused have been circumscribed in the relatively informal setting of prison disciplinary proceedings"), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987); *Mendoza v. Miller,* 779 F.2d 1287, 1293 (7th Cir.1985) (some indication of reliability of confidential informants required in order to protect inmate's interest in a fair hearing), *cert. denied,* 476 U.S. 1142, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986).

Our review of the disciplinary committee's determination of reliability is deferential. *Mendoza,* 779 F.2d at 1293. We need only determine whether reliability has been established by some evidence. *See Hill,* 472 U.S. at 455–56, 105 S.Ct. at 2773–74.

The courts have established various standards by which reliability may be ascertained. The Seventh Circuit has held:

> The reliability of confidential informants may be established by: (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that, "he had firsthand knowledge of the sources of information and considered them reliable on the basis of 'their past record of reliability,'"; or (4) *in camera* review of material documenting the investigator's assessment of the credibility of the confidential informant.

*Mendoza,* 779 F.2d at 1293 (citations omitted).

The Sixth Circuit has held that the record must demonstrate, "at a minimum," that the disciplinary committee "determined for itself, on some reasoned basis," that information received from confidential informants was reliable. *Hensley v. Wilson,* 850 F.2d 269, 277 (6th Cir.1988). The court noted that if the committee only accepted the investigating officer's conclusion of reliability, it would be "merely recording the findings made by the investigating officer. . . . To proceed in that fashion is not fact finding. It is recordkeeping." *Id.* at 276. Due process requires that the committee "have some evidentiary basis, even hearsay, upon which to determine for *itself* that the informant's story is probably credible." *Id.* at 277 (emphasis in original).

The Ninth Circuit has held that the requirements of due process are satisfied when the record contains both "some factual information from which the committee can reasonably conclude that the information was reliable," and "a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name." *Zimmerlee v. Keeney,* 831 F.2d 183, 186 (9th Cir.1987), *cert. denied,* 487 U.S. 1207, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1988).

The Third Circuit has held that the court must be able to determine that the discipli-

nary committee concluded the informant was credible or his information was reliable based on some underlying factual information. *Henderson v. Carlson*, 812 F.2d 874, 879 (3d Cir.) (citing *Gomes v. Travisono*, 510 F.2d 537, 540 (1st Cir.1974)), *cert. denied*, 484 U.S. 837, 108 S.Ct. 120, 98 L.Ed.2d 79 (1987). Furthermore, the informant's statement must be sufficiently specific and factual such that the disciplinary committee could establish "the informant spoke with personal knowledge of the matters contained" therein. *Id.*

■ The touchstone is reliability. Any reasonable basis for establishing the credibility of the informant's information, including such techniques as those outlined by the Seventh Circuit in *Mendoza*, referred to above, is acceptable. The disciplinary committee must make a reliability determination prior to its decision, using any of the methods referred to above or upon any other reasonable basis having a factual underpinning. However, even though preferable, the Federal Constitution does not require a contemporaneous written explanation as the only permissible method of discharging the correction officials' burden of showing that they had a legitimate basis for accepting the confidential informant's information. *See Ponte*, 471 U.S. at 504, 105 S.Ct. at 2199 (Stevens, J. concurring). In the absence of a contemporaneous record, the court may allow prison officials' justification for having considered an informant's testimony as reliable to be presented to the court, *in camera* where security considerations warrant, or otherwise. *Id.* at 497–99, 105 S.Ct. at 2196–97. Moreover, through its review of the confidential information, the court may determine that the facts contained therein make it inherently reliable and, therefore, that the committee implicitly adopted the credibility determination made by the prison investigator. *See McCollum v. Williford*, 793 F.2d 903, 906 (7th Cir.1986). *See also Dawson v. Smith*, 719 F.2d 896, 899 (7th Cir.1983) (no due process violation found because court determined committee adopted credibility de-

termination made by investigator after *in camera* review revealed "more than sufficient additional information to bolster the reliability of the information"), *cert. denied*, 466 U.S. 929, 104 S.Ct. 1714, 80 L.Ed.2d 186 (1984).

■ Here, the record is essentially silent with respect to the disciplinary committee's findings of reliability. The record shows only that the investigating officer considered two of the confidential witnesses reliable because they were known by him "to be honest and reliable because [they] had proven on a number of times in the past that [their] information [was] true and correct." Rec.Supp.Vol.I. The third informant was considered "totally honest in his testimony because he was an eye witness to this offense." *Id.*[4]

On the record before us, we cannot say that the evidence submitted to the district court disclosed sufficient indicia of reliability to satisfy the requirements of due process. Certainly, the third eye witness' account cannot, without more, be automatically accorded reliability. Further, we cannot review the disciplinary committee's determination of reliability of the other two informants. There is no elucidation, for example, of the specifics of past instances of reliability with these two informants. There is no evidence of either direct corroboration or independent verification of the correctness of the testimony. There is no indication the disciplinary committee made any finding of reliability of its own. Without sufficient indicia of reliability, the testimony of the confidential informants can be given no weight, and the requirements of due process as set forth in *Hill* are not satisfied. Certainly, additional documentation, if any, from the investigation, the record of the hearing, or the confidential statements themselves may reveal such reliability. We require only that this information or a supplemental submission by the officials involved be placed before the district court for review, *in camera* if necessary.

---

**4.** In their brief, defendants state that four confidential informants named Mr. Taylor as a par-

ticipant in the riot. The record reveals reliability statements only as to three witnesses.

Finally, *Wolff* requires a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Here, Mr. Taylor received a report stating the committee found him guilty in reliance upon confidential witness statements. The basis for his punishment was the seriousness of participating in a riot. Given the explicit description of the conduct set out in the offense report and the obvious institutional concerns implicated here, *see Wolff,* 418 U.S. at 565, 94 S.Ct. at 2979, this is sufficient to meet due process requirements under the circumstances.

The judgment of the United States District Court for the Eastern District of Oklahoma is VACATED, and the case is REMANDED for further development of the record.