948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy G. JONES, Plaintiff-Appellant,
v.
Jack COWLEY, and Captain C. Lamirand, Defendants-Appellees.
 Nos. 91-6271, 91-6283.
 United States Court of Appeals, Tenth Circuit.
 Nov. 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In two separate proceedings (No. 91-6271 and No. 91-6283), which we consolidate for purposes of disposition, Tommy G. Jones appeals from a district court judgment dismissing his pro se civil rights action brought under 42 U.S.C. § 1983. Jones' complaint arises from a disciplinary proceeding at the Joseph Harp Correctional Center in Oklahoma, where he is an inmate. The complaint alleges that the proceeding deprived Jones of certain liberty and property interests without due process of law.
 
 
 3
 The matter was referred to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B), who in turn ordered that a report (the "Special Report") be filed in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). Following defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 12(b)(6), on June 21, 1991, the magistrate recommended "that the allegations in the complaint be found without merit." The magistrate's recommendation also informed plaintiff of his right to file objections on or before July 3, 1991. On July 8, 1991, Jones filed four objections to the magistrate's recommendation. On July 12, 1991, the district court adopted the magistrate's recommendation and entered judgment dismissing the complaint. However, this order stated that Jones had not filed an appeal or objection. In his first appeal, No. 91-6271, Jones challenges on the merits the district court's decision, raising the same objections he raised to the magistrates recommendation.
 
 
 4
 On July 22, 1991, Jones filed a motion for amendment of judgment, pointing out the district court's failure to consider his objections. On July 31, 1991, the district court entered an amended judgment stating that it had reviewed and adopted the magistrates recommendation "and in so doing, notes that while the plaintiff has filed objections to the Magistrate Judge's Findings and Recommendation, such objections neither were timely nor require rejection or modification of the Findings and Recommendation."
 
 
 5
 In his second appeal, No. 91-6283, Jones maintains that the district court failed to make a de novo review of those matters to which Jones objected, as required by 28 U.S.C. § 636(b)(1)(C). The claim is without merit. Whether or not Jones' objections were timely, the district court indicates on the face of its amended judgment that it did independently evaluate the magistrate's recommendations in light of plaintiff's objections, satisfying any duty that may have existed. We will therefore consider the merits of the issues raised by Jones' first appeal.
 
 
 6
 The undisputed facts are as follows. On November 26, 1990, an offense report charging Jones for group disruption was filed, giving the following description of the incident:
 
 
 7
 It was determined through numerous inmate interviews that Inmate Smiley # 154799 and Inmate Brown # 171787 did attack Inmate Reece # 159160 with intent to kill by choking with an electrical cord and beating about the head and upper body. Further this deed was a contract ordered by Inmate Jones # 102984 and to be paid with two cartons of cigarettes. Inmate Reece did batter Inmates Brown and Smiley in self defense using an exacto blade, stabbing and cutting both inmates.
 
 
 8
 Jones requested that five witnesses be called at a hearing on his behalf. Statements of three of the witnesses were taken and two declined to testify. Jones was also apprised of an Investigative Report that contained information received from confidential witnesses alleging Jones' role in the incident. According to an affidavit by Warden Cowley, the staff and the Warden made a judgment as to the veracity of the witnesses' statements, and the witnesses did not sign confidential statements due to their fear of retaliation. R., Tab 10, Special Report (Attachment B). An affidavit by the officer compiling the report indicates that in fact the statements were not written down by the inmates out of fear of retaliation. R., Tab 10, Special Report (Attachment O). The Investigative Report was submitted to the magistrate for in camera review.
 
 
 9
 After a hearing on November 29, 1990, the disciplinary officer, defendant Lamirand, found Jones guilty of group misconduct and imposed punishment of 30 days disciplinary segregation, loss of 365 days of earned credit, and a $15.00 fine. In a hearing report furnished to Jones, the officer indicated that the evidence relied on for a finding of guilt was "Confidential Statements." The Warden, defendant Cowley, affirmed the decision that same day, and the decision was subsequently affirmed by a designee of the Director of the Oklahoma Department of Corrections.
 
 
 10
 Jones complains that the proceedings violated the 14th Amendment, which forbids the state from depriving any person of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1. The threshold question under any due process claim is whether there was a deprivation of a protected liberty or property interest. If so, we must then ask whether the state in depriving plaintiff of a protected interest afforded him the process due. Morrissey v. Brewer, 408 U.S. 471, 481 (1972).
 
 
 11
 Earned credit and the freedom from disciplinary segregation are "liberty interests" protected by the Fourteenth Amendment. While these interests do not arise from the Due Process Clause itself, they can be created by state law. Hewitt v. Helms, 459 U.S. 460, 466-67 (1983). Oklahoma has created a liberty interest in earned credits by statute. See Okla.Stat. tit. 57, § 138(A) (inmates "shall" have their term of imprisonment decreased monthly based on earned credits); Hewitt v. Helms, 459 U.S. 460, 471-72 (1983) (mandatory language indicates state created liberty interest in good time credit). It is also fair to assume, for present purposes, that Oklahoma has created a liberty interest in the freedom from disciplinary segregation, since the prison officials must follow mandatory procedures before imposing disciplinary segregation and since segregation as a form of punishment is reserved for and limited to more serious offenses. See R., Tab 10, Special Report, Attachment A. Certainly, there is no doubt that the $15 fine is a deprivation of a property interest.
 
 
 12
 Therefore, the question is whether Mr. Jones was afforded the process due him. He was. In disciplinary proceedings of this nature, due process requires (1) advance notice of the charges no less than 24 hours before the disciplinary hearing, (2) the right of the prisoner to present evidence and witnesses in his defense unless permitting him to do so would be unduly hazardous to institutional safety or correctional goals, (3) a written statement of the evidence relied upon and the reasons for the disciplinary action, and (4) a neutral and detached factfinder. Wolff v. McDonnell, 418 U.S. 539 (1974). Implicating the last two of these, Jones asserts three challenges to the constitutionality of his disciplinary proceeding.
 
 
 13
 First, Jones challenges the impartiality of the disciplinary officer, defendant Lamirand. Jones supports this claim with the allegation that Inmate Reece "was heard to say, 'that he overheard a phone conversation where Officer Huckleberry and Capt. Lamirand were discussing the intimate facts of the case.' " R., Tab 16. Through discovery, Jones maintains that he could prove intimate conversations were held.
 
 
 14
 To succeed on this claim, plaintiff must make a "substantial showing" of bias to establish that the hearing was unfair and thus violated due process. Bailey v. Kirk, 777 F.2d 567, 577 (10th Cir.1985) (citations omitted). The "mere exposure to evidence" is insufficient to impugn the fairness of the hearing, and the risk of unfairness must be "intolerably high." Mangels v. Pena, 789 F.2d 836, 838 (10th Cir.1986) (citation omitted).
 
 
 15
 Given these standards, and accepting Jones' specific allegations about conversations between Officer Huckleberry and Captain Lamirand as true, it is inconceivable that this would satisfy the required showing in this setting. We cannot infer bias from the officer's premature exposure to the evidence. The allegations that Captain Lamirand was otherwise biased stand as bald and unsupported conclusions of fact, symbolizing the solitary hope that discovery might yield some kind of evidence to make a colorable claim.
 
 
 16
 Second, Jones challenges the sufficiency of the written statement explaining the evidence relied on (i.e. the mere reference to "Confidential Statements") and argues that the findings of the officer were not "supported by some evidence in the record," as due process requires. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985).
 
 
 17
 Wolff, as mentioned, does require a written statement by the factfinder. Here, plaintiff received a report stating that he was found guilty in reliance upon the confidential statements. "Given the explicit description of the conduct set out in the offense report and the obvious institutional concerns implicated here, see Wolff, 418 U.S. at 565, this is sufficient to meet due process requirements under the circumstances." Taylor v. Wallace, 931 F.2d 698, 703 (10th Cir.1991).
 
 
 18
 Further, the finding was supported by some evidence in the record. The "relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 456 (1985). Where confidential statements are used by the disciplinary officer to support the finding, no weight can be given to that evidence unless there is a determination made by the prison staff that the informants were reliable. Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir.1987). Jones does not challenge the state's assertion that prison officials made the required determination as to the reliability of the informants. Further, prison officials can satisfy a reviewing court that this due process standard was met by submitting the confidential report for in camera review. Taylor v. Wallace, 931 F.2d 698, 702 (10th Cir.1991) (prison officials may submit evidence in camera to justify their determination that confidential testimony was reliable); Mendoza v. Miller, 779 F.2d 1287, 1294-95 (7th Cir.1985), cert. denied 476 U.S. 1142 (1986). Our review of the submitted investigative report, which contains consistent accounts of the incident and corroborating reports, indicates that there was sufficient evidence presented to the disciplinary officer to satisfy the due process standard.
 
 
 19
 Third, Jones asserts a lack of due process stemming from the prison's failure to follow its own guidelines, particularly its failure to obtain the signatures of confidential witnesses as required by the Department of Corrections' guideline OP-090125 II.A.6. Jones argues that the mandatory nature of the language indicates that the state created a "liberty interest" in obtaining these signatures. The magistrate held that the Department of Corrections' guidelines pertaining to appellate review, which require only "substantial compliance" with disciplinary procedures, prevented the procedural requirement from attaining the level of a state-created liberty interest.
 
 
 20
 However, we believe the failure of plaintiff's argument is more fundamental. Here, Jones does not use the mandatory language as evidence of a substantive liberty interest such as earned credit or freedom from disciplinary segregation. In essence, Jones' argument incoherently maintains that he has a liberty interest in the procedural requirement itself, which was afforded by the state, that in turn cannot be deprived by the state without due process of law. However, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). The mere expectation of receiving a state afforded process does not itself create an independent liberty interest protected by the Due Process Clause. Id. at 250 n. 12, 250-51; Velasco-Gutierez v. Crossland, 732 F.2d 792, 798 (10th Cir.1984). "If [Mr. Jones'] approach were adopted, there would be a constitutional procedural due process right to have states adhere to any procedural rules promulgated by them." Brandon v. District of Columbia Bd. of Parole, 823 F.2d 644, 649 (D.C.Cir.1987). This would have the ironic result of subjecting states who promulgate careful procedures to the scrutiny of federal courts, while states choosing not to adopt such provisions "entirely avoid the strictures of Due Process." Hewitt v. Helms, 459 U.S. 460, 471 (1983). Accordingly, our task is not to ask whether the proceeding complied with the state's own guidelines. It is only to ask whether the procedures actually followed comply with the federal constitution. See Brown v. Frey, 889 F.2d 159, 165-66 (8th Cir.1989).
 
 
 21
 Finally, citing the standards for dismissal under 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 12(b)(6), plaintiff maintains that the action is not properly dismissable at this time. Since the magistrate considered the information contained in the Martinez report, plaintiff argues that the action can only be dismissed under Fed.R.Civ.P. 56, in which case plaintiff should be given an opportunity to present pertinent material. However, as our review has led us to believe, all three of Jones' substantive claims are properly dismissable without an impermissible reliance on facts alleged in the record or the Martinez report. One need not look beyond the complaint to dispose of the challenge to Officer Lamirand's impartiality and the claimed liberty interest in procedure. We only referred to the report submitted for in camera inspection to satisfy ourselves that "some evidence" existed to support the disciplinary officer's finding. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). Therefore, the district court's decision dismissing the action is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3