961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John SQUIRE, Plaintiff-Appellant,
v.
WARDEN, U.S.P. LEAVENWORTH, Defendant-Appellee.
 No. 91-3369.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner John Squire appeals the district court's dismissal of his petition for a writ of habeas corpus. After an altercation with his cellmate Johnny Bristow, Mr. Squire was disciplined for assault and for possession of a sharpened instrument. As a result, his presumptive parole date was rescinded by the Bureau of Prisons (BOP). Mr. Squire alleges that his due process rights were infringed in the proceedings leading to this decision. Specifically, he complains that there was not evidence sufficient to support the action of the Disciplinary Hearing Officer (DHO), and that the process afforded him was insufficient to enable him adequately to defend himself. The district court rejected Mr. Squire's contentions, holding that the process was constitutionally adequate and that the decision was supported by sufficient evidence. Mr. Squire has filed a petition for leave to proceed in forma pauperis in this court. We grant that petition, and we affirm.
 
 
 3
 Mr. Squire was informed that he would be given a hearing at which he would have the opportunity to call witnesses and present documentary evidence. He declined the invitation to call witnesses, but he did express a desire to introduce letters he alleged Mr. Bristow had written indicating that Mr. Bristow intended to do something to be transferred to another institution. Prison officials did not help Mr. Squire locate these letters and he was unable to introduce them at the hearing. He thus claims that he was denied the opportunity to "present documentary evidence when permitting him to do so [would] not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974); see Taylor v. Wallace, 931 F.2d 698, 700-01 (10th Cir.1991).
 
 
 4
 Mr. Squire contends that he acted in self-defense, and that the evidence he wished to introduce would establish Mr. Bristow's motive for starting the fight. Apparently, the DHO did not think the evidence relevant. See Rec., Answer and Return at 5-6. As in other matters, the DHO has substantial discretion in making determinations of relevance. See Wolff, 418 U.S. at 561-64. A prison hearing is not a trial and the same evidentiary rules do not apply. Mr. Bristow's desire to leave the prison is at best tangentially related to the underlying charges against Mr. Squire. Under the circumstances in this case, we agree with the district court that the DHO's refusal to seize and to admit the evidence does not rise to the level of a constitutional violation.
 
 
 5
 Our review of the DHO's decision is otherwise limited to asking whether "some evidence" supports the conclusion. Superintendent, Mass. Correctional Inst. Walpole v. Hill, 472 U.S. 445, 453 (1985). The evidence reviewed in camera by the district court, which we have reviewed in turn, provides substantial support for the DHO's conclusion that Mr. Squire assaulted Mr. Bristow and used a sharpened instrument as a weapon. Even assuming the veracity of Mr. Squire's contention about what Mr. Bristow's letters would show, ample evidence supports the DHO's conclusions. As a result, Mr. Squire's due process rights have not been infringed. See id. at 456.
 
 
 6
 Finally, in this as in all cases, we will not consider on appeal issues not presented by petition to the court below. Thus, we do not consider the questions Mr. Squire raises about the various transfers between prisons that he has endured since the filing of this case.
 
 
 7
 The petition for leave to proceed in forma pauperis is GRANTED. The decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3