30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas E. EVERSON, Plaintiff-Appellant,
v.
David R. McKUNE and John W. Rutledge, Defendants-Appellees.
Thomas E. EVERSON, Plaintiff-Appellant,
v.
Mike NELSON, James Wilson, and David Suttle, Defendants-Appellees.
Thomas E. EVERSON, Plaintiff-Appellant,
v.
Robert D. HANNIGAN, Warden, and Lt. Dale Ellis, Intelligence
Investigation, Defendants-Appellees.
 Nos. 93-3379, 93-3380, 93-3381.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.[2]
 
 
 2
 Plaintiff-Appellant Thomas E. Everson ("Everson") appeals from the district court's grant of summary judgment to the Defendants-Appellees in these three related 42 U.S.C.1983 cases. Everson is a state prisoner in Kansas and has recently been imprisoned at three different prisons. He had been placed in administrative detention for a period of time at each of the three prisons, allegedly because he posed a danger to other inmates. Everson sued prison officials involved in his administrative segregation at the three prisons, alleging violations of his rights to due process and equal protection, and that he had been subjected to cruel and unusual punishment. In particular, Everson argued that his placement in administrative detention was improper because he had not been proven guilty of assaulting other prisoners. Relying, in part, on a Martinez report, the district court determined that the Defendants-Appellees were entitled to summary judgment because Kansas prison officials did not have to establish Everson's guilt of a violation to justify administrative segregation.
 
 
 3
 Everson raises the same three issues in all three appeals: 1) there are genuine issues of fact regarding whether the prison had proved him guilty of some violation of a law or prison regulation; 2) the district court erroneously granted the Defendants-Appellees absolute immunity; and 3) the district court erred in denying his request for discovery and copies of sealed documents that were part of the Martinez report.
 
 
 4
 We affirm the district court's ruling that the prison officials did not violate any of Everson's constitutional rights by placing him in administrative segregation for the reasons contained in the district court's Memorandum and Order. We agree with the district court's conclusion that the Kansas prison officials did not need to prove a specific past crime on Everson's part to justify administrative segregation. Furthermore, Everson does not maintain that the administrative segregation was in fact punitive segregation or that it was motivated by an improper purpose. See Hewitt v. Helms, 459 U.S. 460, 468 (1983) (nonpunitive segregation "is well within the terms of confinement ordinarily contemplated by a prison sentence"); Frazier v. DuBois, 922 F.2d 560, 561-62 (10th Cir.1990) (prison officials cannot transfer prisoner in retaliation for exercise of first amendment rights).
 
 
 5
 Next, the district court held that the prison officials were entitled to qualified immunity because none of Everson's constitutional rights were violated. Contrary to Everson's assertion, the court did not hold that the Defendants-Appellees were absolutely immune. We affirm based on our agreement that Everson's rights were not violated.
 
 
 6
 Finally, we affirm the district court's decision not to allow Everson discovery before granting the summary judgment motions as a matter of law. We affirm because the district court, when facing a qualified immunity defense that could be resolved as a matter of law, had an obligation to determine this threshold issue before allowing discovery. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 7
 Similarly, we affirm the district court's decision not to give Everson copies of the confidential material in the Martinez report. The district court can review confidential documents in camera to ensure the security of individuals or the prison. See Ponte v. Real, 471 U.S. 491, 499 (1985) (district court can review in camera prison official's justification for not allowing witnesses in prison hearing if prison security requires); Taylor v. Wallace, 931 F.2d 698, 702 (10th Cir.1991) (district court can review reliability of confidential prison informant in camera ). Everson was provided with a copy of the Martinez report with everything other than the confidential exhibits, including the substance of the prison officials' justifications for his administrative segregation at the three prisons, and he was given an opportunity to present contrary evidence prior to the district court's grant of summary judgment. We thus conclude that the district court's denial of Everson's request to have the confidential portions of the Martinez report was not erroneous.
 
 
 8
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We grant Everson's motions to proceed in forma pauperis