F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 29 2003**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DUAN BROOKS,

      Petitioner - Appellant,

vs.

E.J. GALLEGOS,

      Respondent - Appellee.

No. 02-1475
(D.C. No. 02-D-678 (BNB))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

      Plaintiff-Appellant Duan Brooks, a federal prisoner appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2241 petition. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

      Mr. Brooks is serving a term of imprisonment of 165 months for a drug offense. He alleges the violation of his due process rights during a Discipline

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Hearing Officer ("DHO") rehearing held on January 25, 2001 regarding two incident reports. Incident report 817133 was for possession, manufacture, or introduction of hazardous tool, a code 108 violation. Incident report 819471 was for assaulting any person, a code 101 violation.

On September 20, 2000, Mr. Brooks was charged with a code 108 violation and on September 28, 2000, he was charged with a code 101 violation. Mr. Brooks received advance notice of these charges and also received a Unit Disciplinary Committee ("UDC") hearing for both. Prior to his DHO hearings, he was advised of his rights and was provided with the opportunity to have a staff representative and to call witnesses.

On October 4, 2000, Mr. Brooks appeared before the DHO regarding the two incident reports. He was accompanied on both by a staff representative, Dr. Anderson, and witness statements were provided to the DHO. Mr. Brooks was found guilty of both offenses. He received a written statement detailing the decision of the DHO and was advised of his appeal rights.

On November 27, 2000, the United States Bureau of Prisons ("BOP") advised Mr. Brooks that due to procedural errors, a rehearing would take place on both incident reports allowing him to restate any contentions. On January 25, 2001, after his transfer to the Federal Correctional Institution in Florence, Colorado from the Federal Prison Camp in Marion, Illinois, the rehearing on both

incident reports took place. Based on his own statements and those of witnesses, as well as other evidence, the DHO again found Mr. Brooks guilty of both offenses. Mr. Brooks then filed a federal habeas petition pursuant to § 2241 alleging due process violations and requesting that the disciplinary convictions be vacated and that lost good-conduct-time credits be restored. On October 11, 2002, the district court held that Mr. Brooks' hearings complied with the due process requirements for prison disciplinary hearings and denied his petition.

Mr. Brooks raises several claims on appeal which we have reordered in the interest of brevity. He reasserts that: (1) because he was written up for a code 108 charge of possession, manufacture of a hazardous *weapon*, a nonexistent prohibited act, instead of the proper code 108 charge of possession manufacture of a hazardous *tool*, he was prevented from defending himself on the proper charge; (2) the DHO at the rehearing failed to call or obtain written statements from inmates that Mr. Brooks claims he requested as a witnesses; (3) he was denied a second UDC hearing prior to the DHO rehearing; and (4) even though he was given notice of a code 101 charge of serious assault, he was denied notice of the code 224 minor assault charge that he was ultimately found to have committed. Aplt. Br. 3-9, 12-16.

In addition, Mr. Brooks now claims for the first time on appeal that: (1) the DHO at the rehearing was "not impartial" in her decision finding him to have

committed the prohibited act charged; and (2) his waiver of a staff representative at the rehearing was not signed by him. Aplt. Br. 9-11.

We review de novo the district court's denial of Mr. Brooks' § 2241 petition. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). "[A]n inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Mitchell v. Maynard, 80 F.3d 1433, 1444-45 (10th Cir. 1996) (quoting Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991)). The Supreme Court has held, however, that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

To meet the standards of due process in a disciplinary proceeding under Wolff, the prisoner must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Corr. Inst. at Walpole v. Hill, 472 U.S. 445, 454 (1985). The discipline hearing officer's findings need only be supported by "some evidence" in the record. Id.

In light of these standards, after carefully reviewing Mr. Brooks' renewed

claims on appeal, the district court's order disposing of those same claims, and the entire record, we conclude for substantially the reasons given by the district court that the reasserted due process claims lack merit. As for Mr. Brooks' arguments raised for the first time on appeal, we do not typically consider such arguments except in very limited circumstances. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court."). Finding no compelling circumstances here, we decline to consider these claims. Accordingly, we GRANT Mr. Brooks' motion to proceed in forma pauperis and AFFIRM the district court's order denying relief.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge