**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GLEN EDWARD BROWN,

      Plaintiff-Appellant,

v.

HOLLY CHANDLER; ED
BULLARD; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

      Defendants-Appellees.

No. 04-7024
(D.C. No. 02-CV-422-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,** District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\** The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

In this 42 U.S.C. § 1983 action, plaintiff-appellant Glen Edward Brown, an Oklahoma state prisoner appearing pro se, appeals the district court's entry of summary judgment in favor of defendants-appellees Holly Chandler, Ed Bullard, and the Oklahoma Department of Corrections. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.

Brown is serving a thirty-year sentence for rape after former conviction of a felony. In October 1999, Brown was transferred to the John Lilley Correctional Center (JLCC). While incarcerated at JLCC, Brown was enrolled in the prison's sex offender treatment program (SOTP). At all times relevant to this action, defendant Chandler was the director of the SOTP, and defendant Bullard was a counselor/trainer in the SOTP.

In March 2000, prison staff at JLCC removed Brown from the SOTP on the ground that he had not been fully participating in the program. As a result of his removal from the program, Brown's earned credit level was lowered and his security classification was increased to that of a medium security inmate. In addition, on April 11, 2000, Brown was transferred to the Dick Conner Correctional Center, a medium security facility. In May 2000, prison officials also conducted an audit of Brown's earned credits, and 2,643 earned credits were removed from his record. However, according to defendants, in May 2003, the

earned credits were returned to Brown, and he lost no credits as a result of his removal from the SOTP. [1]

In July 2002, Brown filed his § 1983 complaint against defendants, alleging that: (1) defendants violated his procedural and substantive due process rights under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment, as applied to the states under the Fourteenth Amendment, because the SOTP failed provide him with proper psychiatric treatment and he was removed from the SOTP without a hearing; (2) defendants engaged in unlawful retaliation when they prosecuted him for three separate misconduct offenses after he exercised his right to access the courts and after his attorney sent a letter to defendant Chandler expressing concern over certain aspects of the SOTP; and (3) defendants violated his First Amendment rights by requiring him to recite a "serenity prayer" at the beginning of each SOTP therapy session and by requiring him to engage in masturbation satiation sessions as part of his therapy. [2] Based on these alleged constitutional violations,

---

[1] We note that Brown previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 concerning his earned credits. *See* R., Doc. 30, Ex. A at 1-2. Brown's habeas petition was dismissed by the United States District Court for the Northern District of Oklahoma on the ground that Brown did not exhaust his administrative remedies. *Id.* at 3-4. Brown did not appeal the dismissal of his habeas petition.

[2] Brown alleges in his opening brief that defendants have also violated his equal protection rights by failing to provide him with the same type and quality of

(continued...)

Brown sought compensatory and punitive damages, as well as injunctive and declaratory relief.

The district court determined that defendants were entitled to summary judgment on all of Brown's claims. First, the court concluded that Brown had "failed to make any viable argument that he ha[d] exhausted his [prison] administrative remedies as to any claims except as to the [SOTP and] his classification level following his removal from the [SOTP]." R., Doc. 32 at 11. Accordingly, pursuant to 42 U.S.C. § 1997e(a), the district court granted defendants summary judgment on all of the unexhausted claims.

Second, with respect to the exhausted claims, the district court found that Brown had "failed to show how his brief enrollment in the [SOTP] violated his . . . constitutional rights." R., Doc. 32 at 12. As explained by the court, Brown "[came] forth with no facts to demonstrate that his enrollment in the

---

[2](...continued)
psychiatric care that other mentally-ill inmates receive. *See* Aplt. Opening Br. at 2, 20. Brown has not set forth any specific facts to support his equal protection claim, however. Likewise, Brown failed to provide any specific facts to the district court in his summary judgment response brief. As a result, we do not need to address Brown's equal protection claim, except to note that it was properly dismissed under Fed. R. Civ. P. 56. Brown also claims that he has been subjected to physical attacks from other inmates as a result of his participation in the SOTP and the failure of the prison officials to keep his status as a sex offender confidential. We conclude that defendants were entitled to summary judgment on the latter claim, as it is governed by the Eighth Amendment, and Brown has failed to set forth sufficient facts to establish that the prison officials acted with deliberate indifference with respect to his personal safety.

[SOTP] subjected him to a sufficiently serious deprivation . . . or that defendant[s] had a culpable state of mind amounting to deliberate indifference to a risk of serious harm to him." *Id.* at 12-13 (quotations omitted).

Finally, after noting that Brown had "alleged that because of his removal from the [SOTP] his earned credit classification was lowered," *id.* at 13, the district court concluded that "[t]he Oklahoma prison classification system creates no liberty interest for a particular classification," *id.* As a result, the court found that Brown had "suffered no constitutional violation from his reduced earned credit classification." *Id.*

Although our reasoning differs slightly from that of the district court with respect to certain aspects of Brown's claims, we agree with the district court that defendants were entitled to summary judgment on all of Brown's claims. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 528 (10th Cir. 1994) ("We review a summary judgment fully and may affirm on grounds other than those relied on by the district court when the record contains an adequate and independent basis for that result."). Thus, we affirm the district court's summary judgment order in all respects.

## II.

**A. Standard of Review.**

We review a summary judgment order de novo, considering the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Summary judgment is proper only when there are no genuinely disputed material issues of fact and the moving party is entitled to judgment as a matter of law. *Id.* (quoting Fed. R. Civ. P. 56(c)). It is also well established that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, a pro se litigant must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure," *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), and we will not act as an advocate for a pro se litigant, *Hall*, 935 F.2d at 1110.

The parties must also make specific showings to satisfy their respective burdens under Fed. R. Civ. P. 56. We have explained the burden-shifting process under Rule 56 as follows:

> The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. In so doing, a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim. Such a movant may make its prima facie

-6-

demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein.

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (quotation and citations omitted).

**B. Due Process and Eighth Amendment Claims.**

We conclude that the district court properly granted defendants summary judgment on Brown's due process and Eighth Amendment claims. To begin with, Brown's procedural due process claim fails as a matter of law. In order to establish a protected liberty interest in a benefit under state law, "a person clearly must have more than an abstract need or desire for [the benefit]. He must have more than a unilateral expectation of it. He must, instead, have *a legitimate claim of entitlement* to it." *Montero v. Meyer*, 13 F.3d 1444, 1447 (10th Cir. 1994) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Consequently, while state statutes and prison regulations can grant prisoners liberty interests that are entitled to procedural due process protections, *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976), "[a] liberty interest in the prison context

-7-

must be based upon a specific substantive predicate which restricts the discretion of prison officials," *Canterino v. Wilson*, 869 F.2d 948, 953 (6th Cir. 1989) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)); *see also Montero*, 13 F.3d at 1447-48 ("It is [the] termination of a right previously afforded by the state and in which there is a legitimate claim of entitlement which invokes the procedural guarantees contained in the Due Process Clause of the Fourteenth Amendment.").

In this case, Brown may be correct that Oklahoma law requires the Oklahoma Department of Corrections to develop and implement treatment programs for inmates with severe psychiatric problems. *See* Okla. Stat. tit. 57, § 509.4. Nonetheless, Brown has failed to establish that the Oklahoma legislature has granted him a vested, nondiscretionary, personal entitlement to participate in the SOTP or otherwise receive psychiatric treatment. Indeed, to the contrary, the record indicates that the prison officials have broad discretion regarding the administration of the SOTP, and we believe this discretion extends to all prison rehabilitation and medical programs.

It is also clear that Brown does not have a vested right to participate in the SOTP as a matter of federal law. *See Battle v. Anderson,* 564 F.2d 388, 403 (10th Cir. 1977) ("[A]n inmate does not have a federal constitutional right to rehabilitation."). In addition, to the extent Brown is alleging that defendants have violated his substantive due process rights, the claim is "essentially coextensive

-8-

with Eighth Amendment prohibitions against cruel and unusual punishment, and . . . the Eighth Amendment serves as the primary source of protection for convicted prisoners." *Lunsford v. Bennett*, 17 F.3d 1574, 1583 (7th Cir. 1994). Thus, unless he can demonstrate that he has been subjected to cruel and unusual punishment, Brown cannot show that his substantive due process rights were violated. *Id.*

According to the Supreme Court's decision in *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), prison officials violate the Eighth Amendment when their conduct demonstrates deliberate indifference to the serious medical needs of prisoners in their charge. Here, Brown has failed to even approach the showing that is necessary to establish an Eighth Amendment violation under *Estelle*. Most importantly, Brown has failed to offer any evidence showing that he suffers from a serious psychiatric problem, and we decline to infer such a problem based solely on Brown's status as a convicted sex offender. Consequently, we do not need to reach the deliberate indifference issue, although we note that Brown's proof falls far short on that issue as well.

Finally, Brown may have been able to establish a procedural due process violation if he could have shown that defendants permanently revoked and deprived him of earned credits that he had previously earned. *See Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991) (addressing inmate's claim to earned

good time credits under Oklahoma law and holding that "an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment") (quotation omitted). As noted above, however, defendants put forth evidence showing that all of the revoked earned credits were subsequently returned to Brown, *see* R., Doc. 24 at 5-6, 14, and Brown never rebutted defendants' evidence on this point. Thus, any due process claim relating to the revoked earned credits is moot, and summary judgment was appropriate. [3]

## C. Retaliation Claims.

"42 U.S.C. § 1997e(a) . . . requires that 'available' administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Having carefully reviewed the record and the prison grievance documents contained

---

[3] To the extent Brown is claiming that his due process rights were violated because he was deprived of the ability to earn future earned credits as a result of the change in his security classification following his removal from the SOTP, that claim also fails as a matter of law. *See Searcy v. Simmons,* 299 F.3d 1220, 1226 (10th Cir. 2002) ("[T]he Constitution itself does not guarantee good-time credits for satisfactory behavior while in prison.") (quoting *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."); *Twyman v. Crisp*, 584 F.2d 352, 356-57 (10th Cir. 1978) (holding that change in prisoner's security classification and transfer to maximum custody was matter within sphere of prison officials' authority).

therein, we agree with the district court that Brown failed to exhaust his administrative remedies with respect to his retaliation claims. [4] *See* R., Doc. 32 at 10-12. Accordingly, § 1997e(a) bars Brown from pursuing the claims under § 1983.

## D. First Amendment Claims.

Brown claims that defendants violated his rights under the First Amendment by requiring him to recite a "serenity prayer" at the beginning of each SOTP therapy session and by requiring him to engage in masturbation satiation sessions. We hold that defendants were entitled to summary judgment on both of these claims.

With respect to the serenity prayer, defendants asserted in their district court summary judgment brief that "[SOTP] participants are not required to participate in a serenity prayer." R., Doc. 24 at 12. In his response brief, although Brown addressed defendants' assertion in terms of the SOTP as a whole, he failed to address it in the context of his own personal participation in the

---

[4]     Specifically, while Brown submitted a "Request to Staff" concerning his claim that defendants had him removed from the SOTP as retaliation for his complaints regarding alleged deficiencies in the program, *see* R., Doc. 23, Ex. B-1 at 6-7, he failed to raise the retaliation issue in the prison grievances that he subsequently filed, *id.*, Ex. B-3 at 1-4. Also, while Brown asserted a retaliation claim in one of the administrative appeals that he filed regarding his misconduct offenses, *id.*, Ex. I-3 at 1-4, he failed to file the appeal in a timely manner, *id.*, Ex. I-3 at 11-12; Ex. N at 2.

SOTP. Instead, he simply asserted in conclusory fashion that "SOTP directed a formal religious exercise by reciting the Serenity Prayer to commence each program group meeting. ODOC & SOTP not only had plenary control but in fact initiated the Serenity Prayer, which was not inmate initiated." *Id.*, Doc. 30 at 12. This was simply a reformulation of the conclusory allegations that Brown made in the brief he submitted in support of his complaint, as Brown alleged in his brief that "the extant Policies and Procedures of the [SOTP] violate[] Federal Laws of 'Separation of Church and State,' e.g., 1st Amendment, Establishment Clause by their initiation of prayer into the alleged [therapeutic program]." *Id.*, Doc. 4 at 24.

In response to defendants' motion for summary judgment, Brown was required to go beyond his pleadings and "'set forth specific facts' that would be admissible in evidence from which a rational trier of fact could find for [him]." *Adler*, 144 F.3d at 671 (quoting Fed. R. Civ. P. 56(e)). Brown failed to carry this burden, however, as he failed to provide the district court with specific facts describing the role of the serenity prayer in the therapy sessions that he personally attended. As a result, Brown failed to rebut defendants' assertion that he was not required to participate in a serenity prayer. He has likewise failed to explain, with the aid of either specific facts or legal argument, why defendants' factual assertion is not dispositive of his Establishment Clause claim. Accordingly, the

-12-

district court acted correctly in entering summary judgment on Brown's

Establishment Clause claim.

With respect to the alleged masturbation satiation sessions, our review of

the record reveals that Brown failed to exhaust his administrative remedies

concerning this aspect of his First Amendment claim. The claim is therefore

barred by 42 U.S.C. § 1997e(a). [5]

The judgment of the district court is AFFIRMED. Brown's motion to

proceed in forma pauperis was granted by the district court. He is reminded that

he is obligated to continue making partial payments toward the balance of the

assessed fees and costs, until they are paid in full.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[5]     We also note that Brown has conceded in his opening brief that the
masturbation satiation sessions were a part of a sex offender treatment program at
the Joseph Harp Correctional Center (JHCC), where he was initially incarcerated,
and not at JLCC.   *See* Aplt. Opening Br. at 6, 8. As a result, this aspect of
Brown's First Amendment claim also fails on the merits, because: (1) he has not
asserted claims against any of the prison staff members at JHCC, and he therefore
has no basis to recover money damages; and (2) he is no longer incarcerated at
JHCC, and he therefore has no basis for seeking declaratory or injunctive relief.