**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHAD BROWN,

       Petitioner - Appellant,

v.

JUSTIN JONES, Director,

       Respondent - Appellee.

No. 06-6299
(D.C. No. 05-CV-918-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Petitioner-Appellant Chad Brown, an Oklahoma state inmate appearing pro se, seeks a Certificate of Appealability (COA) so that he may challenge the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Brown claims that he was denied due process during a prison disciplinary proceeding because the evidence against him was insufficient. The matter was assigned to a magistrate judge, who recommended that the petition be denied because the record contained sufficient evidence to support a finding of misconduct. The district court adopted the magistrate judge's recommendations and denied Mr. Brown's petition. Because Mr. Brown's claim is not reasonably debatable among jurists, we deny a COA and dismiss the appeal. See Slack v.

McDaniel, 529 U.S. 473, 484 (2000).

Background

In January 2005, while Mr. Brown was serving a state sentence at the Howard McLeod Correctional Facility in Atoka, Oklahoma, correctional officials charged him with menacing. Allegedly, an inmate made a sexual threat to a female sergeant through the ladies' restroom door, and Mr. Brown was the only inmate in the vicinity of the restroom at that time. See Aplt. Br. Ex. 1, 2, 7. Mr. Brown received notice of the charge against him on January 16, when correctional officials gave him a copy of the offense report.

Maintaining his innocence, Mr. Brown requested a hearing. He asked that two correctional officers be called to testify that he was not the only one in the hallway, and he also claimed that video surveillance tapes would show that he was not the inmate who made the threat. Although the officers were not present at Mr. Brown's hearing, their statements were made available to him. He was apparently not given access to the video surveillance tapes he requested, however.

Following the hearing, Mr. Brown was found guilty of menacing and correctional authorities removed 365 days of credits that he had earned and reduced his classification level for 90 days. Mr. Brown was given a copy of the Disciplinary Hearing Report, in which the hearing officer explained the specific reasons why he had determined that Mr. Brown was guilty. The hearing officer

noted that he had relied on the reporting officer's statement that Mr. Brown was the only inmate in the hallway at the time of the incident and the consistent statement of another officer that he had not observed any other inmate leave the unit after the threat was made.

Mr. Brown pursued administrative remedies within the Oklahoma Department of Corrections ("ODOC"), appealing the hearing officer's decision to the warden and then the director of the ODOC. On May 9, 2005, the director's designee issued a decision affirming the finding of guilt and the imposition of sanctions. The next day, Oklahoma adopted a provision allowing for judicial review, Okla. Stat. tit. 57 § 564.1, which permits an inmate to appeal an adverse ODOC final decision in a disciplinary appeal to the state district court within 90 days. Mr. Brown did not pursue this remedy; instead, he filed a federal habeas petition on August 11.

The state moved to dismiss the petition, alleging that Mr. Brown had failed to exhaust state remedies by not appealing the ODOC decision to the state district court pursuant to § 564.1. Noting conflicting decisions by federal courts in Oklahoma regarding the retroactivity of the statute and the lack of an authoritative state court decision on the subject, the magistrate judge declined to dismiss for failure to exhaust. Instead, he recommended sua sponte that the district court dismiss the petition for lack of merit.

Discussion

Before reaching the merits of Mr. Brown's claim, we must determine whether he is entitled to a COA.  See 28 U.S.C. § 2253(c)(1); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  We will only grant a COA to a petitioner who makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Brown may do so by establishing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack, 529 U.S. at 484 (internal quotation marks omitted).

Mr. Brown's petition asserted that he was denied due process of law when the hearing officer found him guilty of misconduct based on insufficient evidence. We have held that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'"  Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991) (quoting Ponte v. Real, 471 U.S. 491, 495 (1985)).  However, because prison disciplinary proceedings are not part of a criminal prosecution, "the full panoply of rights due a defendant in such proceedings does not apply." Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)).  Rather, the inmate's right to due process in a disciplinary proceeding requires only that he receive: "(1) advance written notice of the disciplinary charges; (2) an

opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). Additionally, the factfinder's conclusions must be supported by "some evidence in the record." Id.

The district court, relying on the magistrate's report, concluded that all three due process requirements were met and that there was evidentiary support for the finding of misconduct. We agree, and no reasonable jurist could conclude otherwise. See Slack, 529 U.S. at 484. Mr. Brown was given advance written notice of the charge against him when correctional officials provided him with a copy of the offense report on January 16, 2005. He had a hearing on January 23, in which he was entitled to present evidence, including statements by two alleged witnesses. The hearing officer completed a Disciplinary Hearing Report, which was provided to Mr. Brown. In the report, the hearing officer pointed to statements by corrections officers that Mr. Brown was the only one in the vicinity of the ladies' restroom and that no other inmates were seen leaving the area at the time of the incident. This evidence is sufficient to support a finding of misconduct, notwithstanding Mr. Brown's complaint that he was not provided various security tapes.

Mr. Brown's appeal also argues that he was denied due process because the

hearing officer who found him guilty of misconduct was allegedly a witness to the incident. This issue was not raised in his § 2241 petition and not ruled upon by the district court. It is well established that we "will not consider an issue raised for the first time on appeal." Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1232 (10th Cir. 1997).

Accordingly, we DENY the request for a COA, DENY the request to proceed IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge