**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARK A. WARES,

      Plaintiff-Appellant,

v.

CHARLES SIMMONS, Kansas
Secretary of Corrections; STEVE
DECHANT, Deputy Warden of
Programs, Hutchinson Correctional
Facility,

      Defendants-Appellees.

No. 04-3150

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 00-CV-3393-GTV)

---

Submitted on the briefs:

Mark A. Wares, pro se.

Phill Kline, Attorney General, Brian D. Sheern, Assistant Attorney General,
Topeka, Kansas, for Defendants-Appellees.

---

Before **LUCERO** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

**LUCERO** , Circuit Judge.

Mark A. Wares, a Kansas inmate appearing pro se, filed an action pursuant to 42 U.S.C. § 1983 alleging that prison officials have denied him access to essential religious texts in contravention of the First Amendment.[1] The district court dismissed the action for failure to state a claim. We **VACATE** and **REMAND** for further proceedings.

I.

Wares was convicted of aggravated sexual battery and making a terrorist threat.[2] While on parole from these charges, he was convicted of kidnaping and aggravated battery. He is presently serving a sentence of twenty to forty-five years.

In 1993, the Kansas Department of Corrections ("Corrections Department") attempted to induce Wares to enroll in the Sexual Abuse Treatment Program ("SATP"). He refused on the ground that he did not wish to disclose his full sexual history, as SATP requires. In response, the Corrections Department

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] Because this case was dismissed for failure to state a claim, we accept as true the allegations in Wares' amended complaint. See Gonzales v. City of Castle Rock, 366 F.3d 1093, 1096 (10th Cir. 2004).

elevated Wares' security status and imposed a variety of new restrictions on him, including denial of access to religious texts and study materials.[3]

Wares then filed this § 1983 action alleging that the imposition of punitive restrictions in response to his refusal to disclose his sexual history infringed on his Fifth Amendment privilege against compelled self-incrimination. He also contended that denying him access to religious materials violated his First Amendment right to the free exercise of religion. The district court dismissed the suit based on the Supreme Court's decision in McKune v. Lile, 536 U.S. 24 (2002), which rejected a Fifth Amendment challenge to Corrections Department policies designed to induce inmates to enroll in SATP.

## II.

In this appeal, Wares has not reiterated his Fifth Amendment claim. Instead, he contends that (1) the Corrections Department's actions violated a binding contract between him and the Corrections Department and (2) the Corrections Department violated his right to free exercise of religion by confiscating essential religious texts. Wares did not raise the first claim in the district court and we therefore do not consider it. See Allison v. Bank One-

---

[3]     Wares states in his appellate brief that he is     a Chassidic Jew and alleges that at minimum he requires access to four books: the Siddur (prayer book), the Torah, the Tehillim (Book of Psalms), and the Tanya (book of Chassidic teachings). He alleges that the defendants have confiscated     his Tehillim and his Tanya.

Denver, 289 F.3d 1223, 1244 (10th Cir. 2002). With respect to the second claim, we conclude that additional development of the record is required to assess whether this claim has merit.

We initially address the district court's reliance on McKune to deny relief on Wares' First Amendment claim. The plaintiff in McKune was, like Wares, a Kansas inmate who refused to enroll in SATP because the program requires participants to confess their past sexual offenses. See McKune, 536 U.S. at 30-31 (plurality opinion of Kennedy, J.). The Supreme Court held that the Corrections Department's policy did not violate the Fifth Amendment. See id. at 29 (plurality opinion).

McKune does not apply here. The issue in McKune was whether the Fifth Amendment bars the Corrections Department from imposing any restrictions on inmates who refuse to enroll in SATP. The issue here is whether a particular restriction – limited access to religious materials – is lawful under the First Amendment.

The First Amendment does not preclude prisons from restricting inmates' religious practices, so long as "prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." Hammons v. Saffle, 348 F.3d 1250, 1254 (10th Cir. 2003). Four factors must guide a court's assessment of the reasonableness of constraints on religious practice:

> First, the court considers whether there is a logical connection between the prison regulation and the asserted penological interest. Second, the court considers whether alternative means of exercising the religious right in question remain open to inmates. Third, the court assesses the impact the accommodation of the right in question would have on guards, other inmates, and on the allocation of prison resources. Fourth, the court considers whether any policy alternatives exist that would accommodate the right in question at <u>de minimis</u> cost to the prison.

<u>Id.</u> at 1255 (citations omitted).

With respect to the first factor, there is considerable uncertainty in the record. As noted above, the Corrections Department responded to Wares' refusal to participate in SATP by transferring him to a higher-security facility and limiting his privileges. The record does not reveal whether the restriction on possession of religious texts was imposed specifically to induce Wares to participate in SATP or whether it is simply a standard policy at Wares' new institution. If it was the former, it could be argued that the practice of religion promotes rehabilitation and that depriving Wares of religious texts inhibits the Corrections Department's rehabilitative goals. Indeed, Wares expressly maintains that his religion fosters his rehabilitation more effectively than any program with which he has ever been involved. If Wares' books were confiscated not because of his refusal to participate in SATP, but rather pursuant to the regulations at his new facility, we do not have sufficient information to identify the basis for those regulations or evaluate whether they are logically connected to valid penological

-5-

goals.  This uncertainty weighs in favor of vacating the dismissal of Wares'

complaint and remanding for further development of the record.

The second factor weighs even more strongly in favor of Wares' appellate

claim, as the record does not permit us to conclude that Wares has an alternative

means of practicing his religion.  The Corrections Department argues that "Wares

has his primary religious text and is allowed . . . to practice his religion without

the extra materials" he claims he needs.  (Appellee's Br. at 9-10.)  Wares asserts,

however, that the Tehillim and Tanya "are required for daily use," (Appellant's

Br. at 4B), and their confiscation has undermined his "ability to practice and

progress in his Jewish faith."  (R., Tab 50 at 3.)  On appeal from the dismissal of

a pro se complaint, we must construe the plaintiff's pleadings liberally, see

Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept their allegations as true,

see Gonzales, 366 F.3d at 1096.  Accordingly, we are constrained to conclude –

for purposes of this appeal – that Wares has been compelled to practice a stunted

version of his religion that is an inadequate alternative to the full implementation

of his sincerely held religious beliefs.

Like the first factor, the third factor – "the impact the accommodation of

the right in question would have on guards, other inmates, and on the allocation

of prison resources" – cannot be evaluated on the current record.  Wares' primary

desire is to regain possession of two religious texts.  Because the district court

dismissed Wares' complaint for failure to state a claim, the Corrections Department has never presented any evidence showing that granting Wares the privileges he seeks would interfere with the administration of the prison. In the absence of such evidence, we must weigh this factor in Wares' favor. Cf. Beerheide v. Suthers, 286 F.3d 1179, 1189-91 (10th Cir. 2002) (rejecting prison's arguments relating to impact of serving kosher meals where no evidence in record supported those arguments).

Finally, we must assess "whether any policy alternatives exist that would accommodate the right in question at de minimis cost to the prison." Once again, the record is insufficient to support the dismissal of Wares' complaint. If Wares' books were taken from him specifically to pressure him into participating in SATP, the Corrections Department might be able to achieve the same effect by cancelling other privileges – not implicating the First Amendment – while allowing Wares to retain his religious texts. If the rules of Wares' current facility require confiscation of his texts, we cannot say what the purpose for these rules is or whether the same purpose could be achieved in another manner. Thus, as with the first factor, we find ambiguity in the record that supports reinstatement of Wares' suit.

III.

For the reasons stated above, we conclude that all of the factors we are required to consider support Wares' appellate claim. Accordingly, we vacate the dismissal of his complaint and remand for further proceedings. We emphasize that we do not hold that Wares is entitled to the relief sought in his complaint, but only that he is entitled to pursue his First Amendment claim beyond the stage at which his complaint was dismissed.

The judgment of the district court is **VACATED**.