**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN A. HUDSON, III,

      Plaintiff-Appellant,

v.

RON WARD, Director of Oklahoma
Department of Corrections; STEVEN
BECK, Warden; DARRELL ALTON,
Case Manager; JESSIE SUTTER,
Deputy Warden; VALERIE COUCH,
Officer; BRUCE HOWARD, Deputy
Warden; BOB SEATON, Case
Manager; and, KILLIAN, Correctional
Officer.

      Defendants-Appellees.

No. 03-7117
(D.C. No. 02-CV-335-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **EBEL**, Circuit Judges.

Plaintiff John A. Hudson, III sued various Oklahoma Department of

Corrections employees (collectively "ODC") under 42 U.S.C. § 1983, seeking

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

compensatory damages for the alleged unconstitutional taking of good-time credits during his incarceration. Plaintiff alleged, among other things, the ODC violated the Fourteenth Amendment Due Process Clause when it deprived him of the opportunity to earn good-time credits and revoked several days of earned good-time credits.

The district court granted Defendants' motion for summary judgment. The court found Plaintiff did not have a Fourteenth Amendment liberty interest in a particular prison classification. The court also found Plaintiff was obligated to show his conviction or sentence had been invalidated under the "favorable termination" rule established in Heck v. Humphrey, 512 U.S. 477, 487 (1994), because he sought compensatory damages for an alleged unconstitutional incarceration. Plaintiff failed to show his sentence had been invalidated. Accordingly, the court found Plaintiff's claims were non-cognizable under § 1983.

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court, and affirm. See Cummings v. Norton, 393 F.3d 1186, 1189 (10th Cir. 2005). In doing so, we hold Plaintiff has failed to establish any constitutional violation and therefore need not address the district court's alternative finding under Heck's favorable termination rule.

I.

The historical facts, construed in a light most favorable to Plaintiff, are as follows: Prior to July 2001, Plaintiff earned good-time credits at the rate of forty-four days per month pursuant to his "level 4" prison classification. See generally 57 Okla. Stat. Ann. § 138(D)(2)(a). The ODC transferred Plaintiff to a minimum security facility in late July 2001. Thereafter, the ODC reassigned Plaintiff to a "level 1" status, in which he did not earn any good-time credits. See id. Plaintiff informally complained of his reclassification but did not file a formal grievance.

The ODC subsequently notified Plaintiff his sentence would be discharged on December 21, 2001. On December 12, however, the ODC changed Plaintiff's discharge date because of his "level change." Plaintiff's case manager informed Plaintiff that his new discharge date would be in February 2002. Plaintiff became indignant and threatened his case manager. As a result of Plaintiff's misconduct, the ODC revoked 365 days of Plaintiff's good-time credits.

In February 2002, the ODC revoked another 4100 days of Plaintiff's earned good-time credits because of an alleged GED program failure. The revocation increased Plaintiff's remaining sentence by 4,593 days. Plaintiff filed a formal grievance with the ODC. The ODC denied his request for administrative relief. Plaintiff filed this § 1983 suit in June 2002. The district court ordered the ODC to submit an investigative report detailing Plaintiff's allegations. After

3

conducting an investigation, the ODC determined insufficient documentation

existed to confirm Plaintiff's GED program failure. Accordingly, the ODC

restored Plaintiff's 4100 days of earned good-time credits in November 2002. At

that time, Plaintiff had ninety-eight days remaining on his sentence. Plaintiff

discharged his sentence on January 10, 2003.

II.

On appeal, Plaintiff argues, among other things, the ODC violated the Due

Process Clause when it: (1) changed his class level from a level 4 to a level 1,

depriving him of the opportunity to earn good-time credits; (2) revoked 365 days

of good-time credits after he threatened his case manager; and (3) revoked 4100

days of good-time credits for the alleged GED program failure.[1] We initially note

Plaintiff waived his argument regarding the revocation of 365 days of good-time

credits because he did not raise that argument in the district court. See Wares v.

Simmons, 392 F.3d 1141, 1143 (10th Cir. 2004). We also summarily reject

Plaintiff's argument that the revocation of his 4100 days of good-time credits

somehow violated the Due Process Clause because those credits were returned to

Plaintiff and the temporary taking of those credits did not have any impact on

---

[1] Plaintiff also raises claims under the Eighth Amendment and Equal
Protection Clause. Plaintiff has not provided any evidence or analysis supporting
his claims and we are not required to fashion Plaintiff's arguments for him. See
United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

Plaintiff's sentence. See Morgan v. McCotter, 365 F.3d 882, 889 (10th Cir. 2004).

The only issue remaining, then, is whether Plaintiff's reclassification from a level 4 status to a level 1 status, which merely diminished his *opportunity* to earn good-time credits, implicated a liberty interest protected by due process. We hold that it did not. A prisoner may be accorded relief for the deprivation of good-time credits if he can demonstrate that "the State's action . . . inevitably affect[ed] the duration of his sentence." Sandin v. Conner, 515 U.S. 472, 487 (1995); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner is not entitled to due process protection for State action that *might* affect the duration of his sentence. See Sandin, 515 U.S. at 487. Relevant here, when the decision to award good-time credits "rests on a myriad of considerations," the chance that the decision will *inevitably affect* the duration of his sentence is "too attenuated to invoke the procedural guarantees of the Due Process Clause." Id.; see also Meachum v. Fano, 427 U.S. 215, 229-30 (1976) (holding changing a prisoner's classification ordinarily does not deprive him of liberty); see Twyman v. Crisp, 584 F.2d 352, 356-57 (10th Cir. 1978) (noting "the loss of the opportunity to earn good time credit . . . because of reclassification does not deprive a prisoner of a constitutional right.").

In Oklahoma, the decision to classify a prisoner and the corresponding right

5

to earn good-time credits is purely discretionary and rests on a myriad of considerations. 57 Okla. Stat. Ann. § 138(B), (D)(4).[2] The assignment of each prisoner to a particular class level is based upon subjective criteria, such as ranking inmates on a scale ranging from "poor" to "outstanding." Id. § 138(D)(1), (4). Further, the ODC's adjustment review committee retains complete discretion to assign and reassign inmates to a particular class level based upon other subjective factors, such as a prisoner's ability to maintain good personal hygiene, a clean living area, and evaluations of work and education assignments. Id. Accordingly, a prisoner in Oklahoma is never guaranteed a particular classification; rather, assuming a prisoner meets all relevant criteria, he *may* be assigned to a class in which he can earn good-time credit.

In this case, Plaintiff does not argue the ODC took away any of his *earned* good-time credits when it transferred him to a minimum security facility in July 2001. Instead, Plaintiff argues the ODC violated the Due Process Clause when it reclassified him from a level 4 to a level 1 status, which merely affected the amount of good-time credits he could earn. We disagree. The ODC's decision to assign Plaintiff to a particular class level did not *inevitably affect* the duration of Plaintiff's sentence because that decision was purely discretionary. Thus,

---

[2] Of course, once a prisoner *earns* good-time credits, the State may not revoke those credits without due process of law. See 57 Okla. Stat. Ann. § 138(A); Wolff v. McDonnell, 418 U.S. 539, 557 (1974).

Plaintiff did not have any legitimate expectation he would be assigned, nor was he *entitled*, to a particular class level. Instead, the ODC was free to reassign Plaintiff to a different class level based upon the many enumerated subjective factors listed in the statute. <u>See</u> <u>Twyman</u>, 584 F.2d at 356-57. Accordingly, Plaintiff did not suffer any deprivation implicating a liberty interest.

Based on the foregoing, the district court's order is

AFFIRMED.[3]

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3] Plaintiff's "Motion to Insufficiency of the Evidence to Support Verdict" is also denied.

7