**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HOWARD PATRICK PHILLIPS,

    Petitioner - Appellant,

vs.

DAYTON J. POPPELL; STATE OF
OKLAHOMA,

    Respondents - Appellees.

No. 05-5070
(D.C. No. 01-CV-00401-E)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Howard Patrick Phillips, a state inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Mr. Phillips has failed to make a "substantial showing of the denial of a constitutional right" as required by U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

Mr. Phillips' appeal concerns a consolidated criminal trial. In Case No. CF-96-823, Mr. Phillips was convicted by a jury in Oklahoma state court of four counts of knowingly withholding stolen property, after former conviction of two

or more prior felonies in violation of Okla. Stat. tit. 21, §1713 ("Case 1"). In Case No. CF-96-824, Mr. Phillips was convicted by a jury on two counts of possession of a stolen vehicle, after former conviction of two or more felonies in violation of Okla. Stat. tit. 47, § 4-103 ("Case 2"). In Case 1, he was sentenced to concurrent sentences of 20, 20, 20, and 35 years. In Case 2, he was sentenced to consecutive prison terms of 25 and 30 years. Further, the sentences entered in Case 1 were to be served consecutively to the sentences in Case 2. As such, Mr. Phillips' sentences total 90 years imprisonment. On direct appeal on March 31, 2000, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. R. Doc. 5, Ex. A. The United States Supreme Court denied Mr. Phillips' certiorari petition on January 8, 2001. Phillips v. Oklahoma, 531 U.S. 1088 (2001). It does not appear that Mr. Phillips pursued any state post-conviction relief.

On May 31, 2001, Mr. Phillips filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court asserting three claims, all of which were raised on direct appeal: (1) that he was denied a fair and impartial jury in violation of the Sixth and Fourteenth Amendments to the United States Constitution; (2) that his multiple convictions violated his privilege to be free from Double Jeopardy in violation of the United States Constitution; and (3) that he was denied the right to present mitigating evidence to the jury in violation of the Fourteenth Amendment. R. Doc. 1. On September 6, 2002, Mr.

- 2 -

Phillips filed a pro se supplemental brief apparently containing claims of insufficient evidence and ineffective assistance of counsel. On July 23, 2003, Mr. Phillips filed a pro se motion to dismiss requesting that the court dismiss without prejudice as well as hold the matter while he exhausted claims of ineffective assistance of trial and appellate counsel. See R. Doc. 9 & Doc. Entry 6 & 8. After allowing a twenty day period to cure, the district court struck these pro se pleadings because it interpreted Fed. R. Civ. P. 11(a) as not permitting a litigant to sign pleadings when represented. Docs. 9 (July 28, 2003 Order allowing for cure) & 11 (April 2, 2004 Order striking). Mr. Phillips' counsel was allowed to withdraw,[1] the court apparently declined to appoint another attorney, and Mr. Phillips entered an appearance pro se. Id.; Docs. 12 & 13. On April 21, 2005, Mr. Phillips sought mandamus from this court to require the district judge to hear and decide his habeas corpus petition. On May 11, 2005, the district court

---

[1] Counsel explained that he did not agree with Mr. Phillips' pro se actions because they raised unexhausted claims, and any return to state court would not toll the one-year federal limitation period contained in 28 U.S.C. § 2244(d). Doc. 10 at 2. Counsel plainly was concerned that the federal petition would be dismissed as a mixed petition, and all claims would be time barred given that federal habeas proceedings do not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 181-182 (2001). Doc. 10 at 2 n.2. Counsel also indicated that Mr. Phillips (through counsel) believed it to be in his best interest to strike the pleadings so that the claims that were properly raised could be heard. Id. at 2-3. Counsel sought to withdraw because of a potential conflict with any ineffective assistance of counsel claims (he had worked on the direct appeal research), and he no longer was in private practice. Id. at 3. Counsel requested that the Federal Public Defender be appointed to represent Mr. Phillips.

entered judgment denying the petition, and this court subsequently denied the mandamus petition as moot.

In seeking a COA, Mr. Phillips now reasserts the same three counseled claims raised before the district court. In addition, Mr. Phillips raises several issues that were not addressed by the district court: (1) ineffective assistance of counsel in violation of the Sixth Amendment; (2) that he was sentenced in violation of Blakely v. Washington, 542 U.S. 296 (2004); and (3) that he was prejudiced by the length of time his petition for habeas corpus was pending before the district court. COA Appl. at 5.

In order for this court to grant a COA, Mr. Phillips must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has rejected a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The counseled claims before the district court were presented to the OCCA and were denied by that court in a summary opinion that contained a short discussion of each claim. R. Doc. 5, Ex. A. As such, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Further, the fact that the OCCA denied relief to Mr. Phillips in a summary opinion has no effect on the deference owed to the state court's result. See Gipson v. Jordan, 376 F.3d 1193, 1196 (10th Cir. 2004). It is against these standards that the district court's denial of Mr. Phillips' petition must be assessed.

Having carefully reviewed Mr. Phillips' arguments, the OCCA summary opinion, and the district court's order, we do not think that the district court's resolution of these issues is fairly debatable. R. Doc. 18. The additional claims now raised by Mr. Phillips were not raised in his initial habeas petition and are considered waived. Wares v. Simmons, 392 F.3d 1141, 1143 (10th Cir. 2004). To the extent that Mr. Phillips sought to raise such claims at the district court by his September 6, 2002 filing, counsel plainly recognized that they were not only unexhausted, but beyond the one-year limitation period from the date of denial of certiorari by the Supreme Court (January 8, 2001) following his direct appeal. 28 U.S.C. § 2244(d); Doc. 10 at 2-3. There is no right to counsel in collateral proceedings and it was within the district court's discretion to decline to appoint counsel. Swazo v. Wyoming Dept. of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge