**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN BROWN,

      Petitioner-Appellant,

v.

ROBERT ULIBARRI, Warden,

      Respondent-Appellee.

No. 07-2124
(D.C. No. 2:06-CV-01109-RB-LFG)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Marvin Brown, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c)(1) (requiring a COA before prisoner may appeal the dismissal of a habeas petition). We have jurisdiction under 28 U.S.C. §§ 1291

---

[*]    This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

and 2253(a).  Reviewing Mr. Brown's filings liberally,[1] we hold that no reasonable jurist could conclude that the district court erred.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Accordingly, we **DENY** Mr. Brown's application for a COA and **DISMISS** his appeal.

## I. BACKGROUND

In 1994, Mr. Brown was sentenced to twenty-six years in prison after conviction by a state jury for various drug-related crimes.  Pursuant to the provisions of N.M. Stat. Ann. § 33-2-34, New Mexico prisoners can receive good time credits—that is, "meritorious deductions"—from their sentences upon recommendation of the classification committee, in an amount of up to thirty days per month.  N.M. Stat. Ann. § 33-2-34(A).[2]  Mr. Brown received less than thirty credits in each of the months of July, August, and September 2001, as well as January 2002, because of misconduct recorded on "behavior notifications."  On the basis of a September 25, 2001, misconduct report, the classification

---

[1]    Because Mr. Brown is proceeding pro se, we review his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2]    Although this case involves incidents in 2001 and 2002, we cite the version of the New Mexico statute in effect from 1988 to 1999.  *See* 1999 N.M. Laws, Ch. 238, § 8 ("As to persons convicted of a criminal offense committed prior to July 1, 1999, the laws with respect to meritorious deductions in effect at the time the offense was committed shall apply.").  The revisions to the statute in 1999, 2003, 2004, and 2006 are not relevant here.  *See* 2006 N.M. Laws, Ch. 82 §§ 1, 2; 2004 N.M. Laws, Ch. 75, § 1; 2003 N.M. Laws 1st Sp. Sess., Ch. 1, § 13; 1999 N.M. Laws, Ch. 238 §§ 1, 2.

committee ruled—without Mr. Brown present—that he would forfeit ninety days of good time credit already earned and be placed in disciplinary segregation. *See generally* N.M. Stat. Ann. § 33-2-36 (permitting forfeiture of good time credits for misconduct violations). He received no credits in October or November 2001 while he was in disciplinary segregation. *See generally* N.M. Stat. Ann. § 33-2-34(A)(2) (providing that a prisoner in disciplinary segregation is not eligible for credits).

Mr. Brown filed a petition for writ of habeas corpus in state court, claiming that both the withholding of good time credits and the forfeiture of credits already earned violated his federal constitutional rights. His petition was denied after two evidentiary hearings. The state court did order, however, that the committee reconvene with Mr. Brown present and review its ninety day forfeiture decision, but the committee ultimately adopted the same conclusion. The New Mexico Supreme Court denied Mr. Brown's petition for writ of certiorari. He then filed in federal court a petition for writ of habeas corpus under 28 U.S.C. § 2254.

The magistrate judge, construing the petition as one brought under 28 U.S.C. § 2241 because the claims related to the execution of his sentence rather than the fact of his conviction,[3] concluded that all of the claims had been raised

---

[3] Construing the petition as brought under 28 U.S.C. § 2241 was proper. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 925 (10th Cir. 2008).

and fully exhausted in the state court proceedings, and recommended that each of the claims be denied on the merits and that the case be dismissed with prejudice.

Mr. Brown filed timely objections to these recommendations. The district court overruled all his objections and adopted the magistrate judge's findings and recommendations. The district court refused to grant a certificate of appealability, concluding that Mr. Brown had failed to make a substantial showing of denial of a constitutional right. Mr. Brown now seeks a certificate of appealability in order to appeal the dismissal of his § 2241 petition.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), issuance of a COA is a jurisdictional prerequisite to appealing the dismissal of a habeas petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253(c)(1). This applies equally to petitions brought by state prisoners under § 2254 and § 2241. *Montez v. McKinna*, 208 F.3d 862, 868-69 (10th Cir. 2000). In order to obtain a COA, Mr. Brown must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing involves demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Applying that standard, we examine whether the district court could have erred in concluding that the state

-4-

court decisions were neither "contrary to, or involved an unreasonable application of, clearly established Federal law" nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

In his appellate brief, Mr. Brown reiterates all of the claims asserted in his federal habeas petition.  However, for the most part, Mr. Brown does not address either the magistrate judge's recommendations as adopted by the district court or the district court's rejection of his objections to those recommendations.  Instead, he reiterates his arguments against the state court's decision.  We agree with the district court's rejection of each of his claims.

First, Mr. Brown argues that he has a right to earn 365 days of good time credit in a one year period.  In his federal habeas petition, he argued that N.M. Stat. Ann. § 33-2-34 violates this right by permitting only thirty days of good time credit per month, thus capping the number of credits below the number of days in a calendar year.  However, he did not identify any source for such a right. The challenged statute provides that "[a]ny inmate . . . may be awarded a meritorious deduction of thirty days per month upon recommendation of the classification committee and approval of the warden."  N.M. Stat. Ann. § 33-2-34(A) (West 1998).[4]  Section 33-2-34 appears to be the sole basis for granting

_____

[4]     The current version of the provision states that "[a] prisoner may earn meritorious deductions upon recommendation by the classification

(continued...)

good time credit, which would preclude any argument that the section itself violated the right to such credit. That was the conclusion of the state court, which rejected Mr. Brown's argument as "without merit" because "the granting of good time credits per month is mandated by . . . § 33-2-34." R., Doc. 13, Ex. F, at 2 (Final Order, dated Aug. 7, 2006). "We will not second guess a state court's application or interpretation of state law unless such application or interpretation violates federal law." *Parker v. Scott*, 394 F.3d 1302, 1311 (10th Cir. 2005) (alterations and internal quotation marks omitted). Mr. Brown does not identify any federal law violation in the interpretation or application of § 33-2-34's thirty day per month credit cap.[5] Reasonable jurists could not disagree with the district court's denial of this ground for relief.

Second, Mr. Brown argues that he has a liberty interest in unearned good time credits; consequently, he reasons, they must be granted unless due process is

---

[4](...continued)
supervisor" and that a prisoner confined for a nonviolent offense may receive "up to a maximum of thirty days per month of time served." N.M. Stat. Ann. § 33-2-34(A)(2), (B) (West 2006).

[5]      On appeal, he presents an argument not made before the district court that the state court ordered, and the state conceded, that he was eligible for up to 365 days per year, but that the state's attorney "illegally changed the decision" of the court. Aplt. Br. at 1-2. We will not hear arguments raised for the first time on appeal. *See, e.g.*, *United States v. A.B.*, 529 F.3d 1275, 1279 n.4 (10th Cir. 2008) ("We have repeatedly declined to allow parties to assert for the first time on appeal legal theories not raised before the district court, even when they fall under the same general rubric as an argument presented to the district court."), *cert. denied*, __ S. Ct. __, 2008 WL 4189667, at *1 (Oct 14, 2008).

employed to withhold them.[6]  In *Fogle v. Pierson*, 435 F.3d 1252 (10th Cir.

2006), we rejected a similar claim, concluding that the prisoner had "no

constitutionally-protected liberty interest in earning the credits."  *Id.* at 1262.   In

*Fogle*, we explained that "denying a prisoner *mandatory* earned time credits—*i.e.*,

those to which he has some entitlement—would deprive him of a liberty interest if

those credits advance his mandatory date of release on parole."  *Id.*  "However

where . . . the credits are discretionarily awarded, the defendants have not

deprived [the prisoner] of any earned time to which he was *entitled* and thus no

liberty interest was involved."  *Id.* (internal quotation marks omitted).  The

Colorado statute we held discretionary in *Fogle* is similar to the New Mexico

statute at issue here.  *Compare id.* ("[E]arned time . . . *may* be deducted from an

inmate's sentence" (quoting Colo. Rev. Stat. § 17-22.5-302(1))), *with* N.M. Stat.

Ann. § 33-2-34(A) (1998) ("Any inmate . . . *may* be awarded a meritorious

deduction . . . ." (emphasis added)).  We find no indication in the New Mexico

statute that the provision of good time credits is obligatory.  *Cf. Templeman v.*

*Gunter*, 16 F.3d 367, 370 (10th Cir. 1994) (recognizing that a statute which states

---

    [6]      This question is distinct from the divestment of credits already
earned, which does implicate a liberty interest.  *See Taylor v. Wallace*, 931 F.2d
698, 700 (10th Cir. 1991) (addressing "the settled principle that an inmate's
liberty interest in his earned good time credits cannot be denied 'without the
minimal safeguards afforded by the Due Process Clause of the Fourteenth
Amendment.'" (quoting *Ponte v. Real*, 471 U.S. 491, 495 (1985)));  *see also*
*Brooks v. Shanks*, 885 P.2d 637, 638 (N.M. 1994) (holding that earned good time
credits under § 33-2-34 were an entitlement that could only be divested by
following statutory and administrative procedures).

"the department . . . *shall* grant . . . an earned time deduction" might implicate the mandatory rule) (emphasis added)).

The state court did not directly resolve the question of whether there is a liberty interest in unearned credits. Instead, it concluded that there was, in any event, no constitutional violation because the applicable procedures met the Supreme Court's test of *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). We find it unnecessary to reach the *Wilkinson* balancing test because our precedent demonstrates that there is no liberty interest involved. Thus, we agree with the district court that no error by the state court provided grounds for relief.

Mr. Brown's third argument depends on the merits of his second one. He argues that behavior log notations were used to withhold good time credits without appropriate procedures. He argues that he was not permitted to review his own behavior logs; that he had no avenue to challenge the withholding of the credits; and that, contrary to the state court's assertion, he did not appear before a Unit Management Team that was supposed to explain to him why he did not receive the credits and tell him he could appeal or request to review the behavior log record. However, this case presents us with no grounds to review the adequacy of the state procedures apart from the purported liberty interest in good time credits. Because these allegations concern good time credits which Mr. Brown never received in the first place, and because we have concluded that the decision whether to grant the credits was a matter of discretion not mandated by

-8-

statute, there is no liberty interest at stake which must be protected by adequate procedures. Therefore, we will not review the procedures by which behavior log notations led to the withholding of good time credits.

Mr. Brown's final argument on appeal concerns the forfeiture of ninety days of good time credits as a result of his September 25, 2001, misconduct. A prison officer wrote a misconduct report stating that Mr. Brown had threatened him, and a disciplinary hearing officer recommended forfeiture of ninety days of good time credits and disciplinary segregation. The classification committee approved the recommendation, as did the warden. In response to the claim in Mr. Brown's state habeas petition that his rights were violated because he did not receive a classification hearing, the state court ordered the classification committee to reconvene and reconsider its decision with Mr. Brown present. The district court understood the state's habeas response as averring that this hearing actually took place.

Mr. Brown's federal habeas claim is confusing because he merely repeats his assertion that the classification committee "could not forfeit [his] earned good-time of Ninety (90) Days after [it] failed to provide [him] a Classification Hearing," but does not mention the ordered rehearing.[7] R., Doc. 1, at 20. He

_____

[7] Mr. Brown also asserted in his federal habeas petition that there was insufficient evidence to support the conclusion that he threatened a prison officer, but he apparently has abandoned that claim in his COA request. Equally unsuitable for appellate review is his claim—asserted in his objection to the

(continued...)

repeatedly asserts that a hearing was not provided and argues that the resulting forfeiture violated his federal due process rights.

Because this claim does involve the loss of vested good time credits, federal due process requirements are implicated. *See Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991). We recently reiterated that,

> [w]here a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985)); *see Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). Further, "the findings of the prison disciplinary board [must be] supported by some evidence in the record." *Howard*, 487 F.3d at 812 (quoting *Hill*, 472 U.S. at 454).

The only issue properly raised in this COA is whether the failure to provide a hearing before the classification committee made the forfeiture decision a due process violation. Whatever the merits of that claim as initially presented to the

---

[7](...continued)
magistrate judge's decision and now on appeal—that the specific offense of which he was found guilty did not qualify for the penalty imposed. Mr. Brown did not raise this claim in his federal habeas petition and did not amend his petition to include the claim. We will not hear it now. *See Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000) ("Petitioner did not make this argument in his revised habeas petition. Thus, this court need not consider it.").

state court, Mr. Brown is differently situated now because he received relief. Insofar as Mr. Brown is challenging the state's averment that it complied with the state court's order and held a hearing, Mr. Brown has offered nothing to substantiate the challenge and he carries the burden to do so. Therefore, like the district court, we have no reason to question this averment.

Accordingly, we need not address whether the procedures would be adequate in the absence of a hearing before the classification committee. Instead, we liberally construe Mr. Brown's argument to be either (1) that the state did not follow its own regulations even if the first and subsequently-ordered, second committee hearings are viewed together, or (2) that the initial failure to provide a hearing before the forfeiture of the good time credits could not be remedied by any subsequent action other than restoration of the credits.

We reject both of these arguments. Mr. Brown points to no procedural failure other than the absence of a hearing, and that alleged weakness is now remedied. Further, we reject any argument that the initial failure to provide a hearing could not be remedied by later action. In sum, there is no argument before us under which the forfeiture of ninety days of Mr. Brown's good time credits would be tainted by a due process violation. Therefore, we conclude that

reasonable jurists could not dispute the district court's rejection of Mr. Brown's habeas petition on this ground.[8]

### III.  CONCLUSION

With regard to none of his four claims has Mr. Brown made "a substantial showing of the denial of a constitutional right."  28 U.S. C. § 2253(c)(2). Therefore, we **DENY** his request for a COA and **DISMISS** his appeal.


Entered for the Court


JEROME A. HOLMES
Circuit Judge

---

[8]      We need not resolve the state's argument that this claim was not properly exhausted because we may dismiss unexhausted claims on the merits. *See Montez*, 208 F.3d at 866 (holding that where "no credible federal constitutional claim" was raised in the petition, we "may deny on the merits an unexhausted § 2241 petition); *cf.* 28 U.S.C. § 2254(b)(2).