FILED
United States Court of Appeals
Tenth Circuit

April 19, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIKEAL GLENN STINE,

     Petitioner–Appellant,

v.

JACK FOX,

     Respondent–Appellee.

No. 17-1267
(D.C. No. 1:17-CV-01423-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Mikeal Glenn Stine appeals the district court's dismissal of his petition for

writ of habeas corpus under 28 U.S.C. § 2241. We affirm.

**BACKGROUND**

Stine is a prisoner in the custody of the Federal Bureau of Prisons (BOP), and filed

pro se an Application for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] The district

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Stine is pro se we construe his filings liberally. *See Erickson v.
Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

court granted Stine's Prisoner's Motion and Affidavit for Leave to Proceed in a Habeas Action under 28 U.S.C. § 1915.

Stine claims that the BOP illegally forfeited his future good-time credits in two ways. First, he claims that in 2004 before sentencing (but while he was incarcerated) the BOP found that he had committed prohibited acts and removed good-time credits prospectively—depriving him of his opportunity to earn good-time credits before he had been sentenced. Second, he claims that in 2004, 2005, 2007, and 2009 the BOP prospectively forfeited more than the 54 credits a prisoner can earn in a given year, in violation of federal statute and BOP internal program statements.[2]

On these bases, Stine filed his § 2241 application, claiming that he had been deprived of a liberty interest in violation of due process in both instances and seeking 162 days of good-time credits. The district court determined that Stine had failed to show any constitutional or statutory violation and so summarily denied the § 2241 petition on the merits and entered judgment by separate order. This appeal followed.

## DISCUSSION

We review de novo the district court's dismissal of a § 2241 habeas petition. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Relief under § 2241 is warranted only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Stine doesn't make any

---

[2] And Stine does provide documentation that more than 54 days were disallowed based on disciplinary proceedings in 2005 and 2009. But he provides no evidence that those disallowances were in fact carried over into the following years.

2

claim that the federal statute creating the good-time-credit regime creates an independent right.

So his only potential claim is constitutional—a protected liberty interest.[3] A protected liberty interest may arise from either the Due Process Clause itself, or from a state or federal law. *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). And Stine's claim rests on the federal good-time-credit system. *See Sandin v. Conner*, 515 U.S. 472, 477 (1995) ("[T]he Due Process Clause itself does not create a liberty interest in credit for good behavior.")

We look at "the language of the statutes" to determine whether they create a protected liberty interest. *Montero v. Meyer*, 13 F.3d 1444, 1448 (10th Cir. 1994). "Stated simply, 'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462 (1989) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). So "[a] statute which allows a decisionmaker to deny the requested relief within its unfettered discretion does not create a constitutionally-recognized liberty interest." *Fristoe*, 144 F.3d at 630.

---

[3] Stine's two claims, though distinct, rest on the premise that he has a right to unearned credits: He contests the unauthorized "taking of good-time credits . . . [which] cause[d him] to spend more time incarcerated than he would without the illegal forfeiture of good-time credits by the Bureau of Prisons." Appellant's Opening Br. at 2; *see Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994) ("A state inmate's due process rights are implicated only when a state's actions impinge on a protected liberty interest.").

He also asserts, with the same factual bases, that there is an equal protection problem because inmates are treated differently. But he fails to explain, nor can we discern, any cognizable equal protection claim.

Because *earned* good-time credits can be removed only in prescribed circumstances, there is a liberty interest—and thus due process protections—for those credits. *See Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) ("Since prisoners in Nebraska can only lose good-time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed.").

But the same is generally not true of *unearned* good-time credits, which tend to be discretionary. *See*, *e.g.*, *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (finding no liberty interest in prospective good-time credits under the relevant Colorado statute). So we look at 18 U.S.C. § 3624, which creates the federal good-time-credit regime to determine whether assignment of future credits is mandatory or discretionary. A prisoner who is serving a term greater than one year

> may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1).[4]

"If the decisionmaker is not 'required to base its decisions on objective and defined criteria,' but instead 'can deny the requested relief for any constitutionally

---

[4] Stine also points us to 28 C.F.R. § 523.20 which governs good-time credits. Stine argues that this regulation similarly creates an obligation for BOP to award good-time credits. The regulation does say that the Bureau "will award" 54-days credit. 28 C.F.R. § 523.20. But the regulation goes on to say that "the amount of good conduct time awarded for the year is also subject to disciplinary disallowance." *Id.*

4

permissible reason or for no reason at all,' the State has not created a constitutionally protected liberty interest." *Olim*, 461 U.S. at 249 (citations omitted) (quoting *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 467 (1981) (BRENNAN, J., concurring)); *see id.* (The government "creates a protected liberty interest by placing substantive limitations on official discretion."). And because no set of facts mandates awarding good-time credits, the BOP's discretion isn't cabined.[5]

"As this court [has] explained []*,* denying a prisoner *mandatory* earned time credits—*i.e.*, those to which he has some entitlement—would deprive him of a liberty interest if those credits advance his mandatory date of release on parole. However, where, as here, the credits are discretionarily awarded, 'the defendants have not deprived [the prisoner] of any earned time to which he was *entitled*' and thus no liberty interest is involved."[6] *Fogle*, 435 F.3d at 1262 (citations omitted) (quoting *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994)). Put differently, "[a] prisoner may be accorded relief for the deprivation of good-time credits if he can demonstrate that 'the State's action . . .

---

[5] Stine disagrees, pointing to the use of the word "shall" in the statute—however "shall" never applies to the dispensement of credits. But rather, it's used where the BOP can't apply good time credits. *See* 18 U.S.C. § 3624 ("[I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.").

[6] Stine claims that "[a]fter [the Supreme Court decision in] *Sandin* a statute need not be mandatory to create a liberty interest right." Appellant's Opening Br. at 6. But *Sandin* reiterated that where "[t]he decision to release a prisoner rests on a myriad of considerations[,]" there is no protected liberty interest because it doesn't "present a case where the State's action will inevitably affect the duration of [a] sentence." *Sandin*, 515 U.S. at 487.

5

inevitably affect[ed] the duration of his sentence.' A prisoner is not entitled to due process protection for State action that *might* affect the duration of his sentence." *Hudson v. Ward*, 124 F. App'x 599, 601 (10th Cir. 2005) (unpublished) (citations omitted) (quoting *Sandin*, 515 U.S. at 487). So Stine has no liberty interest in his unearned credits. And that conclusion ends our inquiry.[7]

Last, the district court certified that an appeal would not be taken in good faith and denied leave to proceed *in forma pauperis* on appeal. Stine filed a motion to proceed *in forma pauperis*, which we grant.[8]

## CONCLUSION

So for the reasons stated above, we affirm the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[7] We have reached similar conclusions in cases analyzing state-law good-time-credit regimes. *See*, *e.g.*, *Frazier v. Jackson*, 385 F. App'x 808, 811 (10th Cir. 2010) (unpublished) (holding that an inmate "cannot base his due-process claim on his loss of eligibility for earned-time credits."); *Brown v. Ulibarri*, 298 F. App'x 746, 749–50 (10th Cir. 2008) (unpublished) ("We find no indication in the New Mexico statute that the provision of good time credits is obligatory.").

[8] Having concluded he has no protected liberty interest, we don't reach Stine's additional arguments.